Argued February 9, reversed and remanded February 28, 1962

BRADFIELD *v.* ANDERSON ᴇᴛ ᴜx

369 P. 2d 274

*Gordon G. Carlson,* Roseburg, argued the cause for appellant. On the brief were Clifford S. Beckett, Oregon City, and Yates, Murphy & Carlson, Roseburg.

*John C. Anicker,* Oregon City, argued the cause for

respondents. On the brief were Jack, Goodwin & Anicker.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

LUSK, J.

Plaintiff brought this action based on negligence to recover damages for the wrongful death of her husband alleged to have been caused by a tree, which was standing on the defendants' land, falling and striking the decedent as he was driving his automobile along the highway. Defendants moved to strike out paragraph VII of the amended complaint. The court granted the motion. Plaintiff refused to plead further and judgment was entered for the defendants from which plaintiff has appealed, assigning the granting of the motion as error. Paragraph VII of the amended complaint reads:

"That the said fir tree had been standing on defendants' said property approximately one hundred feet from the said highway, and at an elevation somewhat higher than the highway; that the said tree had been damaged and weakened by fire and by natural process of decay; that such condition was visible and apparent to defendants and had been known by them for a long period of time prior to said accident; that the said tree leaned toward the said highway at an angle such that if it should fall it would necessarily fall toward and across said highway, unless deterred or guided by artificial means in some other direction, as defendants knew and had known for a long period of time prior to said accident; that the area in which said tree was situated had been logged on several occasions, and most or all of the large trees near the said fir tree had been removed; that with the said fir tree thus exposed to the wind it was likely to be blown down,

as defendants had known for a long period of time; that the said tree was approximately two hundred feet tall, was approximately six feet in diameter at the stump, approximately two feet in diameter at the top, and weighed several tons; that the defendants had known for a long period of time that if the tree should fall and strike a vehicle or person on the highway it would inflict great damage or grave injuries or death."

The defendants concede that the ruling was in one aspect erroneous because, as the brief states, "out of all the facts alleged, some must be material and, therefore, the paragraph should not have been stricken in its entirety on that basis." At the same time, however, the defendants say that the motion to strike was properly allowed for the reason that, as they contend, the amended complaint does not state a cause of action and that this court should so declare and put an end to the litigation. They cite two precedents: *State ex rel. v. Mott,* 163 Or 631, 97 P2d 950, and *The Victorian,* 24 Or 121, 32 P 1040, 41 Am St Rep 838. In the latter case, which was an appeal from a judgment for the plaintiff after a trial on the merits, the circuit court had, on motion of the plaintiff, stricken out two affirmative defenses on the ground that they were sham, frivolous, irrelevant, and did not state a defense or counterclaim. The ruling was assigned as error on appeal. It was conceded and this court held that the object of a motion to strike out is not to perform the office of a demurrer, but, because the court was satisfied that the defenses pleaded were "untenable, and plainly so", the court concluded to treat the motion as a demurrer, expressing the hope that "our decision may not lead to any relaxation of the proper practice in such cases." 24 Or at 138.

In *State ex rel. v. Mott,* the trial court allowed a

motion to strike out a complaint on the ground that it contained more than one cause of action not separately stated. The plaintiff refused to plead further and judgment was entered for the defendant. On appeal, this court, again recognizing the rule that a motion to strike out a pleading is not the proper method of testing its sufficiency, partly at the insistence of the plaintiff, examined the complaint and held that it did not state a cause of action and affirmed the judgment. The court, however, was careful to state: "Of course, if the pleading could be cured by amendment, a different question would be presented. In the instant case, however, no amendment could alter the record and the law applicable thereto." 163 Or at 637.

■■ In the present case the matter stricken out is the heart of the complaint. Whether or not the court treated the motion as a demurrer we do not know, but we must decline to do so or to consider the sufficiency of the complaint at this stage of the proceeding. The question involved, to wit, the liability of an owner of property for an injury to a person on the public highway caused by the falling of a tree growing on such property, is a new one in this state, although *Sullivan v. Mount. States Power Co.*, 139 Or 282, 9 P2d 1038, may have some bearing on it. In any case, we cannot say that the amended complaint is "untenable, and plainly so", nor, that if the amended complaint, as now drawn, does not state a cause of action it cannot "be cured by amendment". Moreover, we have no inclination to enter upon a discussion of the question on a record such as this, lest to do so would lead to that "relaxation of the proper practice in such cases," which the court in *The Victorian* hoped would not follow from that decision. Whatever ex-

tenuation there may be for treating as a demurrer a motion to strike out a complaint or an entire defense, we think that only under extraordinary circumstances should like treatment be accorded a motion to strike out a single paragraph of a pleading.

In our opinion, paragraph VII of the amended complaint was not vulnerable to a motion to strike out, either as a whole or as to any of its parts.

The judgment is reversed and the cause remanded for further proceedings, which shall include leave to the plaintiff to file a second amended complaint if she so desires.