426 P.2d 808

The INDUSTRIAL COMMISSION of
Arizona, Appellant

v.

FARM AND HOME FOOD SERVICE, INC.,
Appellee.

No. 1 CA–CIV 334.

Court of Appeals of Arizona.

April 25, 1967.

Robert K. Park, by Dee-Dee Samet, Phoenix, for appellant.

**340**

Richmond, Ajamie & Ray, by Amil J. Ajamie, Phoenix, for appellee.

DONOFRIO, Judge.

This is an appeal from a judgment in Superior Court of Maricopa County which reversed an order of the Industrial Commission of Arizona.

Appellee Farm and Home Food Service, Inc. sells home freezers and a frozen food product service which is furnished to customers obtained by salesmen who solicit contracts for the sale or service from individuals. In February 1964 the Industrial Commission ordered Farm and Home to pay premiums for workmen's compensation and occupational disease coverage on the salesmen who brought in these contracts for the sale of the freezers and food service. Farm and Home protested the order and requested a hearing alleging that the salesmen involved were independent contractors and not subject to workmen's compensation and occupational disease coverage. After hearing, the Industrial Commission issued an order finding that the salesmen were employees and that the premiums were due. Farm and Home, complying with A.R.S. § 23–946, filed in Superior Court a complaint which alleged that the Commission order was unreasonable and unlawful and asked that it be vacated. After trial the Court gave judgment in favor of Farm and Home, stating,

"IT IS ORDERED, ADJUDGED AND DECREED that the salesmen associated with Farm and Home Food Service, Inc., plaintiff, are not 'employees' within the definition of the Arizona Workmen's Compensation Act and Occupational Disease Act; * * *".

The Industrial Commission has appealed this judgment.

The question presented is whether the salesmen of the merchandise of Farm and Home Food Service are employees or independent contractors within the meaning of Arizona's Workmen's Compensation Act and Occupational Disease Act. We are governed by the definition of the terms "employee" and "independent contractor" as set out in A.R.S. § 23–902:

"B. When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors and the persons employed by him, and his subcontractor and persons employed by the sub-contractor, are, within the meaning of this section, employees of the original employer.

"C. A person engaged in work for another, and who while so engaged is independent of the employer in the execution of the work and not subject to the rule or control of the person for whom the work is done, but is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor, and an employer within the meaning of this section."

■ As the concurring opinion of Justice Struckmeyer in Posey v. Industrial Commission, 87 Ariz. 245, 350 P.2d 659 (1960), said:

"* * * The test has been held to be whether the alleged employer retains control over the method of reaching the required result or whether his control is limited to the result reached, leaving the method to the other party. Barker v. General Petroleum Corp., 72 Ariz. 187, 232 P.2d 390, modified 72 Ariz. 238, 233 P.2d 449; Industrial Commission v. Navajo County, 64 Ariz. 172, 167 P.2d 113; Industrial Commission v. Byrne, 62 Ariz. 132, 155 P.2d 784."

■ Counsel urge divergent views on the liberality of interpretation of the definition of employee under our Workmen's Compensation Law. We believe the theory and philosophy of compensation legislation tends more to a liberal interpretation. 1 Larson: Workmen's Law 43.40 et seq.;

1 Schneider: Workmen's Compensation Law 571. We would hold to the view as expressed in Hight v. Industrial Commission, 44 Ariz. 129, at 138, 34 P.2d 404, 407 (1934), as follows:

"We are in full accord with the suggestion of the applicant that inasmuch as the Workmen's Compensation Law was enacted to provide compensation for those injured in industry it should be liberally construed to accomplish this purpose; * * *"

And as stated in Corpus Juris Secundum, "* * * It has been held that the beneficent provisions of the workmen's compensation acts should be extended to every class of workman which can fairly be brought within them, and that the provisions of an act declaring when the relation of employer and employee exists bring within the act all cases in which, under the rule of liberal construction, such relation is found to exist. * * *" 99 C.J.S. Workmen's Compensation, § 57, p. 262.

It was the testimony of the salesmen that they did not intend to subject themselves to the control of Farm and Home, but rather to operate as independent salesmen or agents, in the nature of brokers. The salesmen hired their own employees. They paid Farm and Home for leads which resulted in sales. The salesmen could represent other companies in making sales and did use other financing agencies than those arranged for by Farm and Home. The record shows that periodically some salesmen would discontinue sending purchase agreements to Farm and Home and then at a later date they would begin to submit agreements again. The salesmen paid all their own expenses. They dealt directly with the finance agency. Farm and Home did not participate in these arrangements, nor could these contracts be charged back to Farm and Home.

As we view the evidence before the trial court it was decidedly to the effect that Farm and Home and the salesmen by agreement and design remained independent contractors. In all its dealings and methods of operation with the salesmen, appellee did not retain or have any control over the methods by which the salesmen obtained the purchase contracts or had those contracts financed.

After review of the entire record in this matter, we cannot say that the trial court erred in applying either the definition or the test.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.