Robert W. McGINNISS, Appellant,

v.

FREDERICK W. BERENS SALES, INC.,
a corporation, and Robert Schulze,
Appellees.

No. 6432.

District of Columbia Court of Appeals.

Argued Jan. 31, 1973.

Decided Aug. 10, 1973.

James P. Schaller, Washington, D. C., for appellant.

Robert S. Bennett, Washington, D. C., for appellees.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant, who had worked as a real estate salesman for appellee Berens for some years, was injured in an automobile accident while being driven in a company car by appellee Schulze, a fellow worker, to inspect certain property with commercial sale potential. He brought action against appellees for personal injuries suffered. The trial court, after hearing argument and considering all the pleadings, entered summary judgment in favor of appellees upon the ground that appellant was an employee of appellee Berens within the meaning of the District of Columbia Workmen's Compensation Act, D.C.Code 1967, §§ 36–501, 36–502, and his recovery against his employer and co-employee was limited in accordance with the provisions of this Act.

Appellant's argument, somewhat unusual for an employee's argument concerning workmen's compensation, is that he is *not* within the coverage of the Act. He contends that he was free to use whatever methods he wished in performing his work for appellee Berens and therefore he was an independent contractor and not an employee within the meaning and scope of the Workmen's Compensation Act. *See* Car-

dillo v. Mockabee, 70 App.D.C. 16, 17–18, 102 F.2d 620, 621–622 (1939).[1]

Whether a master-servant or independent contractor relationship exists between employer and employee depends upon the particular facts of each case. *Cf.* LeGrand v. Insurance Co. of North America, D.C. App., 241 A.2d 734 (1968). In the instant case, the pleadings and pretrial discovery established that appellant worked exclusively for appellee Berens on a commission basis to obtain listings from potential sellers of property suitable for commercial developments and was required (a) to clear with appellee Berens all prospective listings of property and all potential sales, (b) to attend sales meetings and, as directed by appellee Berens, to check out possible listings and "sit" on specific property, (c) to report on all sales transactions before they were "finalized", and (d) to comply with "the requirements, standards and methods of doing business established by Berens." Appellee Berens provided appellant with (1) an office, secretarial help, business card and car, and (2) an advance on expenses and hospitalization and life insurance benefits. In addition, appellee Berens assumed responsibility for appellant's activities in connection with the annual renewal of his broker's license.

We are of the opinion that under these particular facts and circumstances appellee Berens exercised sufficient "itemized" control over appellant so as to constitute him an employee within the meaning of the Act. *See* Ben Realty Co. v. Employment Security Commission, 416 P.2d 220, 223 (Wyo.1966); Graham v. Miera, 59 N.M. 379, 382, 285 P.2d 493, 496 (1955).

Appellant seeks to bring himself within a line of decisions which have held that salesmen on commission are not "employees" within the reach of Workmen's Compensation or Social Security statutes, *see* Rambin v. Ewing, 106 F.Supp. 268, 274 (W.D.La.1952); Zipser v. Ewing, 197 F.2d 728, 731 (2d Cir. 1952); Dimmit-Rickhoff-Bayer Real Estate Co. v. Finnegan, 179 F.2d 882, 888 (8th Cir. 1950), but the employers in these cases did not exercise the degree of control that appellee Berens exercised over appellant in the instant case.

Affirmed.

---

1. The Circuit there said:
     In our opinion claimant was not an employee, but an independent contractor, for the evidence shows that, in carrying on the business in which he was engaged, he contracted with Mockabee to do the work according to *his own methods* and *without* being subject to the control of Mockabee *as to the manner or means* by which the result was to be accomplished. . . . (Emphasis added.)