558 P.2d 11

Charlotte **HUGHES**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Alice Nedelec (Alice's House of Real Estate), Respondent Employer.

No. 12804–PR.

Supreme Court of Arizona, En Banc.

Dec. 15, 1976.

**518**

Robert Morrison, Sierra Vista, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Richard L. Klauer, Phoenix, for respondent employer.

HAYS, Justice.

We took jurisdiction in this case by granting a Petition for Review. The opinion of the Court of Appeals in *Hughes v. Industrial Commission,* 27 Ariz.App. 152, 551 P.2d 962 (1976), is vacated.

The sole question is whether a real estate salesman is an employee of a real estate broker for the purposes of the Workmen's Compensation Act, A.R.S. § 23–901, et seq.

The respondent employer, Alice Nedelec, was a real estate broker who employed the petitioner, Charlotte Hughes, as a receptionist, and also employed two or more real estate salesmen.* The respondent Nedelec carried no workmen's compensation coverage and urges that the real estate salesmen associated with her were independent contractors rather than employees. She further contends that the following statute provides an exception which applies to her and her associates:

§ 23–902. Employers subject to chapter

A. Employers subject to the provisions of this chapter are the state, each county, city, town, municipal corporation, school district and every person who has in his employ three or more workmen or operatives regularly employed in the same business or establishment under contract of hire, except agricultural workers not employed in the use of machinery and domestic servants. Exempted employers of agricultural workers or domestic servants or employers of less than three workmen or operatives may come under the provisions of this chapter by complying with its provisions and the rules and regulations of the commission. For the purposes of this section "regularly employed" includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profession or occupation of an employer.

B. When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors and the persons employed by him, and his subcontractor and persons employed by the subcontractor, are, within the meaning of this section, employees of the original employer.

C. A person engaged in work for another, and who while so engaged is independent of the employer in the execution of the work and not subject to the rule or control of the person for whom the work is done, but is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor, and an employer within the meaning of this section. A.R.S. § 23–902(A)(B)(C).

In determining whether an individual is an employee or an independent contractor we must look to the right to control the method of reaching a desired result reposed in the employer. *El Dorado Ins. Co. v. Ind. Comm.,* 25 Ariz.App. 617, 545 P.2d 465 (1976); *Reed v. Ind. Comm.,* 23 Ariz. App. 591, 534 P.2d 1090 (1975). It is not the exercise of the power to supervise and

* A.R.S. § 23–902(A) was amended in 1973 to apply the workmen's compensation law to employers with one employee.

control, but rather its existence which is to be considered. *Scott v. Rhyan,* 78 Ariz. 80, 275 P.2d 891 (1954); *Ind. Comm. v. Meddock,* 65 Ariz. 324, 180 P.2d 580 (1947).

The hearing officer at the conclusion of the Industrial Commission hearing found that the petitioner, Hughes, had failed to meet her burden of showing that the real estate salesmen were employees rather than independent contractors. He further found that by reason of this failure the Commission was without jurisdiction to grant relief on the claim.

■ Prior to discussing the basic issue here, we reiterate a principle which guides us in the interpretation of Workmen's Compensation Law. Since this law was enacted to provide compensation for those injured in business or industry, it should be liberally construed to accomplish that purpose. *Hight v. Ind. Comm.,* 44 Ariz. 129, 34 P.2d 404 (1934); *Ind. Comm. v. Farm & Home Food Service, Inc.,* 5 Ariz.App. 339, 426 P.2d 808 (1967). This concept includes a liberal interpretation of the word employee under the Workmen's Compensation Act. *Ind. Comm. v. Farm & Home Food Service, Inc., supra.*

■ We cannot agree with the conclusions of the hearing officer that respondent Nedelec was not subject to the provisions of A.R.S. § 23–901 and § 23–902, and that the Commission was without jurisdiction to grant relief.

The petitioner relies heavily on the case of *Faith Realty & Development Co. v. Industrial Comm. of Colo.,* 170 Colo. 215, 460 P.2d 228 (1969). In that case the Colorado Supreme Court relied principally on the Colorado statutes licensing and controlling real estate brokers and salesmen, stating:

"To accomplish that purpose the Act, we think, envisions an employer-employee relationship because it clothes the broker not only with the right to control his salesmen but it also charges him with

a duty to do so." 170 Colo. at 220, 460 P.2d at 230.

The provisions of A.R.S. § 32–2101, et seq., as regards the broker-salesman relationship are analogous to those of the Colorado statute. In both cases (1) a broker must retain the license of each salesman he employs; (2) the license must be returned to the Real Estate Commissioner when the licensee leaves the broker's employ; (3) the license of a broker or salesman is subject to revocation if the licensee represents, or attempts to represent without consent, a real estate broker other than his employer. A reading of the Arizona real estate statute, *supra,* indicates that it is replete with references to the brokers and salesmen as employer and employee.

The hearing officer apparently decided that the following facts indicated an independent contractor relationship:

1. The salesmen were paid strictly on a commission basis with no advances or draws.

2. Withholding taxes were not deducted from the salesmen's earned commissions.

3. The salesmen worked no set hours and some were in fact also employed at other regular jobs.

The foregoing ignores a salient point. The real estate act, *supra,* gives the broker control of the salesmen, and the relationship of broker and salesman was terminable by either party at will, which is hardly the role of the independent contractor. This court in *First Nat. Ben. Soc. v. Sisk,* 65 Ariz. 1, 173 P.2d 101 (1946), said:

"One of the means of ascertaining whether a right to control exists is the determination of whether, if instructions were given they would have to be obeyed (citing cases)." 65 Ariz. at 8, 173 P.2d at 105.

The respondent Commission in its Motion for Rehearing on the Court of Appeals opinion decries the position of the *Faith Realty* case, *supra,* in construing the

**520**

Workmen's Compensation statute in *pari materia* with the real estate statute. Black's Law Dictionary sets forth the following definition of *pari materia*:

"Of the same matter; on the same subject; as, laws *pari materia* must be construed with reference to each other."

█ Obviously the two above-indicated statutes do not relate to the same matter. Statutes are not interpreted in a vacuum either, and legal relationships mandated by one statute cannot be ignored in interpreting another.

We find support for our position in this case in *McClain v. Church*, 72 Ariz. 354, 236 P.2d 44 (1951). In this earlier pronouncement by the Arizona Supreme Court, it was held that real estate salesmen were employees under the Unemployment Compensation Act. In that case the court noted that the legislature had removed real estate salesmen from coverage under the Act after the claim arose. The factual background of the *McClain* case in regard to the relationship of broker and salesmen parallels our case here. Although the language of the Employment Security Act, Ch. 124, 1941 Sessions Laws, differs from the Workmen's Compensation Act, we find the previous opinion most persuasive.

In holding as we do, we are aware that other jurisdictions have taken a contrary position. *See Florida Ind. Comm. v. Schoenberg*, 117 So.2d 538 (Fla.App. 1960). *See also McGinniss v. Frederick W. Berens Sales, Inc.*, 308 A.2d 765 (D.C. App.1973), where the court in a personal injury case indicated that each case should go off on the basis of the specific facts to determine whether the real estate salesman was an employee or an independent contractor.

The broad-brush portrayal of dire consequences flowing from the position taken here as extensively enumerated in respondent Commission's Motion for Rehearing can be readily remedied by the legislature if in their wisdom they consider it necessary.

The award of the Industrial Commission is set aside.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.