578 P.2d 1020

**Edith DeVALL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Rucy Collie dba Villa Del Sol Motel, Respondent Employer.**

**No. 1 CA–IC 1691.**

Court of Appeals of Arizona, Division 1, Department C.

March 7, 1978.

Rehearing Denied May 23, 1978.

James A. Quisenberry, Casa Grande, for petitioner.

John H. Budd, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Stanfield, McCarville, Coxon, Cole & Fitzgibbons, Jr., by David A. Fitzgibbons, Casa Grande, for respondent employer.

OPINION

WREN, Judge.

This workmen's compensation case presents the question of whether petitioner

Edith DeVall was an employee within the meaning of the Arizona Workmen's Compensation Act, A.R.S. § 23–901 et seq. and, thus, entitled to benefits for an injury suffered while she was cleaning the swimming pool at Villa Del Sol Motel, respondent employer.

Respondent carried no workmen's compensation insurance, so petitioner's claim was initially processed by the Industrial Commission. It was denied and a hearing was held which resulted in an award finding that petitioner was not an employee of the respondent. The award was affirmed on review and this special action followed.

The essential dispute in this matter concerns whether petitioner was hired as part of a husband-wife team to manage the Villa Del Sol Motel, or whether the husband alone was hired and petitioner was strictly a volunteer as to any work which she performed. There is some dispute reflected in the record over the negotiations leading to the hiring of the new manager for the motel. The hearing officer felt this dispute created a factual conflict to be resolved in his award and, additionally, made several findings relating to petitioner's credibility. A review of the undisputed facts, however, leads us to the conclusion that regardless of the pre-employment negotiations, and notwithstanding respondents' protestations to the contrary, petitioner was at all times treated as an employee and as half of a managing team consisting of her husband and herself.

■ We recognize that we are required to view the award in a light most favorable to sustaining it and that it is the hearing officer's prerogative to resolve conflicts in the evidence. *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968). It is also true, though, that the definition of "employee" is to be given a liberal interpretation in order to properly effectuate the purposes of the Workmen's Compensation Act. *Hughes v. Industrial Commission*, 113 Ariz. 517, 558 P.2d 11 (1976); *Industrial Commission v. Farm and Home Food Service, Inc.*, 5 Ariz.App. 339, 426 P.2d 808 (1967).

■ It is the generally recognized rule that a contract for hire, while necessary, may be implied as well as express. 1A Larson, The Law of Workmen's Compensation § 47.00 (1973 Ed.). *See Ferrell v. Industrial Commission*, 79 Ariz. 278, 288 P.2d 492 (1955).

The record in this case establishes that petitioner and her husband were furnished a house on the premises and paid five percent of the gross rental income each month. Petitioner cleaned motel rooms, carpets, bathrooms, and did the laundry. In addition she cleaned the swimming pool. Further, petitioner's husband maintained a full time job at Hecla Mining Company leaving petitioner to rent rooms and conduct all the affairs of the motel herself much of the time. Respondent owners of the motel testified specifically that they preferred a man and woman team rather than just a man or men as managers. They also delivered the five percent compensation to petitioner herself and never to her husband.

■ Despite the fact that this uninsured employer insists that only petitioner's husband was hired, the totality of the circumstances leads to the inescapable conclusion that both husband and wife were an integral part of the manager team. The conflict over who was "hired" or how it was accomplished is irrelevant when the uncontroverted facts are considered. Petitioner was treated in all respects as an employee, and in such cases we will imply a contract for hire even though the employer may allege that it never actually offered her a position.

All the elements of an employer-employee relationship were present, including payment for services rendered and the right to control the work activities of petitioner and her husband, even if that right was not exercised to any significant extent. *See Employers Mutual Liability Insurance Company of Wisconsin v. Industrial Commission*, 18 Ariz.App. 403, 502 P.2d 1080 (1972).

The award is set aside.

DONOFRIO, P. J., and SCHROEDER, J., concurring.