601 P.2d 1051

**Charles W. DRISCOLL, Appellant,**

v.

**Lance A. HARMON and Jane Doe Harmon, his wife, Appellees.**

**No. 14165.**

Supreme Court of Arizona, In Banc.

Oct. 15, 1979.

Taylor & Petica by Ron Petica, Scottsdale, for appellant.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

Charles W. Driscoll appeals from a judgment of the Superior Court dismissing his suit against Lance A. Harmon and Rosita Harmon, his wife. Jurisdiction was acquired pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S. Reversed.

On July 22, 1972, the appellee, Lance A. Harmon, was an enlisted man on active duty with the United States Air Force at Luke Air Force Base. He had finished a duty shift for the day and was driving on the base to his off-base residence in his personal motor vehicle when he struck Charles W. Driscoll, a civilian employee of the General Electric Corporation. Driscoll was crossing the street from a parking lot to a work building when he was struck by the motor vehicle being driven by Harmon. Vehicular access to and from the base is controlled by the United States Air Force Police and Air Force Base administrative agencies. This action was brought by Driscoll against Harmon to recover for the damages arising out of Harmon's alleged negligent operation of his motor vehicle.

Harmon moved in the trial court to dismiss Driscoll's complaint. The motion was based on the premise that Harmon was an enlisted man on active duty in the United States Air Force, *acting within the scope of his employment,* and that the action was

barred by the Federal Drivers Act, 28 U.S.C. § 2679(b). By § 2679(b), a suit against the United States under the Tort Claims Act shall be the exclusive remedy against a federal employee based upon a claim arising out of the employee's operation of a motor vehicle within the scope of his employment. See, e. g., *Henderson v. United States*, 429 F.2d 588 (10th Cir. 1970).

Driscoll appealed, and the State Court of Appeals rendered its decision, *Driscoll v. Harmon*, 116 Ariz. 332, 369 P.2d 274, reversing the trial court's dismissal of the action. The Court of Appeals remanded to the Superior Court for a determination as to whether Harmon was acting within the scope of his employment at the time of the accident. If so, it directed that the complaint be dismissed; but if Harmon was not within the course of his employment, the lower court should proceed to trial on the issue of Harmon's personal negligence.

The trial court found on Harmon's motion for summary judgment that he was acting within the scope of his employment as an employee of the United States Government at the time of the accident. From that judgment, the present appeal has been perfected, the sole issue being whether Harmon on the facts of the case was acting within the scope of his employment for the United States at the time his vehicle struck Driscoll.

Harmon's position is that since he was on a street on a United States Air Force Base, he was within the principle of going and coming, a rule applied in workmen's compensation cases to compensate for injuries which occur in the course of the employee's employment. The rule provides that an employee "going to and from work" is covered by workmen's compensation while he is *on the employer's premises*. 1 Larson, Workmen's Compensation Law § 15. It is an outgrowth of the principle that course of employment should extend to any injuries which occurred at a point where the employee was within range of dangers associated with the employment. *Id.* However, we are not convinced that the going and coming rule has application here.

First, injuries incurred by a workman arising out of travel to and from work where not on the employer's premises are not compensable as occurring in the course of employment in Arizona. *Pauley v. Industrial Commission*, 109 Ariz. 298, 508 P.2d 1160 (1973); *City of Phoenix v. Industrial Commission*, 104 Ariz. 120, 449 P.2d 291 (1969); *Ebasco Services v. Bajbek*, 79 Ariz. 89, 284 P.2d 459 (1955); *Strauss v. Industrial Commission*, 73 Ariz. 285, 240 P.2d 550 (1952). We do not consider that travel to and from work on what are essentially public streets at the Air Force Base, even though title to the streets is held in the name of the United States, is within the range of dangers to be associated with the duties of enlisted personnel in the Air Force. The mere happenstance that the fee of the street over which Harmon was traveling was in his employer, the United States, is not such a fact which should stretch the going and coming rule to cover this case. We find no distinction between travel over public streets owned by the United States and those owned by the state or any other body politic.

Second, the going and coming rule was largely judicially developed in order to provide compensation to workmen for injuries which were incurred while within the range of dangers associated with their employer's premises. There can therefore be no reason to apply it to a situation where the recipient of the benefits of the rule is not an injured workman.

Finally, we consider that the liability of the employer, here the United States, should be governed by the application of principles customarily applied to determine the liability of the master for acts of his servants, namely, the doctrine of *respondeat superior*. Fundamentally, the doctrine is that the act of an employee during the course of his employment is legally the act of the employer. See *Larsen v. Arizona Brewing Co.*, 84 Ariz. 191, 325 P.2d 829 (1958). Whether it has application in any given case depends upon whether the relationship of master and servant exists at the time a wrongful act was committed. *Ray*

*v. Tucson Medical Center,* 72 Ariz. 22, 33, 230 P.2d 220 (1951).

In *State v. Superior Court,* 111 Ariz. 130, 524 P.2d 951 (1974), we held that a State National Guardsman while traveling to a training session was not under the control of the State and the State was not liable for his negligence, saying:

"The law is well established in this state that certain facts must appear before an employer can be held liable on the theory of respondeat superior for the negligent acts of his employee occurring in the operation of a motor vehicle. The facts must establish that there is a relationship of employer and employee *and that the tortious act of the employee must have occurred during the course and scope of his employment. Hansen v. Oakley,* 76 Ariz. 307, 263 P.2d 807 (1953). It is equally well settled that an employer is not liable for the tortious acts of his employee while the employee is going to or returning from his place of employment—the so-called 'going and coming rule.' *Pauley v. Industrial Commission,* 109 Ariz. 298, 508 P.2d 1160 (1973); *Burns v. Wheeler,* 103 Ariz. 525, 446 P.2d 925 (1968); *Butler v. Industrial Commission,* 50 Ariz. 516, 73 P.2d 703 (1937); 57 C.J.S. Master and Servant § 507d(4); 52 A.L. R.2d 287, 303." *Id.* at 132, 524 P.2d at 953. (Emphasis added.)

We hold that in the instant case Harmon was not acting within the course of his employment with the United States after he had finished his duty shift and was going to his off-base residence in his personal vehicle.

Judgment reversed.

HAYS, HOLOHAN and GORDON, JJ., concurring.

CAMERON, Chief Justice, dissenting.

The only question to be decided in this case is the following: Was defendant Lance Harmon acting within the scope of his employment at the time of the accident?

The facts are not disputed and show that on 22 July 1972, Harmon, an enlisted man on active duty with the Air Force, had just finished a duty shift and, while still on the base, was driving to his off-base residence in his personal automobile. Driscoll, a civilian employed by General Electric Corporation on the base, was a pedestrian crossing the street from the parking lot to the facility when he was struck by Harmon's automobile.

We have held, in accord with the Restatement of Agency, Second, §§ 220, 228, and 229, that various matters of fact may be considered in determining whether an employee is acting within the scope of his employment, so as to make the principle of respondeat superior fairly applicable. *State v. Superior Court, In and For County of Maricopa,* 111 Ariz. 130, 524 P.2d 951 (1974); *Throop v. F. E. Young and Company,* 94 Ariz. 146, 382 P.2d 560 (1963). We have stated "the ultimate fact, which these evidentiary facts are merely intended to assist * * * in determining, is whether the alleged servant is subject to the other's control or right to control * * *." *Consolidated Motors, Inc. v. Ketcham,* 49 Ariz. 295, 306, 66 P.2d 246, 250 (1937); accord, *Williams v. Wise,* 106 Ariz. 335, 476 P.2d 145 (1970).

One of the means of ascertaining if a right to control exists is to determine whether the employer has the power to supervise the employee's "method of reaching a desired result," *Hughes v. Industrial Commission,* 113 Ariz. 517, 518, 558 P.2d 11, 12 (1976), or whether, "if instructions were given, they would have to be obeyed." *First Nat. Ben. Soc. v. Sisk,* 65 Ariz. 1, 8, 173 P.2d 101, 105 (1946). It is not whether the employer actually exercised such power that must be considered, but whether the power exists. *Hughes,* supra.

Although I agree that workmen's compensation decisions are not necessarily controlling in cases concerning common law tort liability, *Throop v. F. E. Young and Company,* supra, it would appear that questions concerning whether a person was acting in the scope and course of his employment are particularly appropriate for answer by the law of workmen's compensation

where spatial and temporal boundaries are part of the question of the right to control.

In compensation cases Arizona follows the so-called "going and coming" rule which provides that hazards encountered by employees going to and from work are not necessarily covered by industrial insurance. *City of Phoenix v. Industrial Commission,* 104 Ariz. 120, 449 P.2d 291 (1969); *McKay v. Industrial Commission,* 103 Ariz. 191, 438 P.2d 757 (1968); *Malinski v. Industrial Commission,* 103 Ariz. 213, 439 P.2d 485 (1968); *Burns v. Wheeler,* 103 Ariz. 525, 446 P.2d 925 (1968).

An exception to the going and coming rule is the "on premises" rule. Larson has stated it as follows:

"The course of employment is not confined to the actual manipulation of the tools of the work, nor to the exact hours of work. On the other hand, while admittedly the employment is the cause of the workman's journey between his home and the factory, it is generally taken for granted that workmen's compensation was not intended to protect him against all the perils of that journey. Between these two extremes, a compromise on the subject of going to and from work has been arrived at, largely by case law, with a surprising degree of unanimity: for an employee having fixed hours and a place of work, going to and from work is covered *on the employer's premises.*"
1 A. Larson, The Law of Workmen's Compensation § 15.11, p. 4–3 (1972). (emphasis in original)

The "on premises" exception to the "going and coming" rule, the majority view in the United States, was not followed in Arizona until recently. In *McCampbell v. Benevolent & Protective Order of Elks,* 71 Ariz. 244, 226 P.2d 147 (1950), we rejected the on premises rule; and our Court of Appeals in *Sendejaz v. Industrial Commission,* 4 Ariz.App. 309, 420 P.2d 32 (1966) held that an employee who worked at the Arizona Biltmore Hotel and was injured while riding home on a motor scooter while still on a road on his employer's premises was not acting in the scope and course of his employment.

This court, however, in *Pauley v. Industrial Commission,* 109 Ariz. 298, 508 P.2d 1160 (1973), reversed *McCampbell v. Benevolent & Protective Order of Elks,* supra, as well as cases following it, stating:

"* * * We hold that when an employee is going to or coming from his place of work and is on the employer's premises he is within the protective ambit of the Workmen's Compensation Act, at least when using the customary means of ingress and egress or route of employee's travel or is otherwise injured in a place he may reasonably be expected to be." 109 Ariz. at 302, 508 P.2d at 1164.

In the instant case, the defendant was still on his employer's premises and he was under the control of the United States government. As was pointed out in the brief, the military controls the traffic on the base and everything within the physical boundaries. The fact that Luke Air Force Base is a self-contained community including houses, stores and recreational areas does not make any difference. The defendant was still on his employer's premises, and he was subject to their control.

I would affirm the judgment of the trial court.