WRIGHT, Presiding Judge.
This is an unemployment compensation case. The Department of Industrial Relations appeals from an award of compensation.
Claimant became unemployed on January 31, 1977. He filed a claim for unemployment compensation benefits on February 2, 1977, and was found eligible. He was interviewed on May 2 as to his availability for work. He stated that he had been working part time as a commission salesman for a real estate broker since March 14, but had made no sales nor earned any commission. Claimant said he had obtained a real estate salesman’s license in 1976 while still employed by T.V.A.
The Department determined claimant disqualified from further benefits as of March 13, 1977, because he was self-employed under the provisions of § 25-4-78(11), Code of Alabama (1975). That section is as follows:
“25-4-78 Disqualification for Benefits. An individual shall be disqualified for total or partial unemployment:

(11) For any week in which he is self-employed and each week thereafter until he shall establish that he is no longer self-employed.”
Claimant’s disqualification for benefits reached the Circuit Court of Colbert County through the proper appeal procedures where it was heard de novo by the court. Judgment was there entered reversing the disqualification and entering judgment for payment in the amount of $1,080. It had been agreed that if claimant were not disqualified he would be entitled to that amount of compensation. There was no finding of fact nor reason given by the court for its judgment. As the only reason given for claimant’s disqualification was that of self-employment, it can only be concluded that the trial court found him not to be self-employed. With that conclusion this court is in agreement.
It is undisputed that claimant was a real estate salesman licensed by the Alabama *CCXXV Real Estate Commission under Title 34, Chapter 27 of the Code of Alabama (1975). Section 34-27-2(a)(3) defines a real estate salesman as: “[a] person employed or engaged by or on behalf of a licensed real estate broker to do any act or deal in any activity regulated by this chapter for compensation or otherwise.” Section 34-27-32(d) provides that no license may be granted a salesman unless he lists a licensed broker for whom he will work and that broker, by sworn statement vouches for his reputation and honesty. Section 34-27-31(b) requires the broker to accept responsibility for the actions of all salesmen licensed under him. Such responsibility includes supervision of all transactions of the salesman and to be liable for any damages caused to a party injured by the acts of the salesman in violation of the statutes. Section 34-27-34(b) provides that if the broker wishes to terminate the employment of a salesman and to be relieved of responsibility for his acts, he must notify the salesman and the commission in writing and send in the salesman’s license. Section 34-27 — 34(d) provides that it shall be unlawful for a salesman to act as a salesman after his employment has been terminated by the broker under whom he was licensed.
Thus, it appears that the premise of self-employment under which claimant was disqualified for benefits was contrary to law and the trial court correctly ruled. Hughes v. Industrial Commission, 113 Ariz. 517; 558 P.2d 11, 13; Faith Realty & Development Co. v. Industrial Commission, 170 Colo. 215; 460 P.2d 228; Graham v. Miera, 59 N.M. 379, 285 P.2d 493, 496.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.