BRADLEY, Presiding Judge.
This is a case involving a contract to sell real estate.
James Smith filed a complaint against Century 21 Action Realty II, Willie Jackson (the owner/broker of Action Realty II), Angela Melson, and two employees of Action Realty, Betty Davis and Derenda Mor-rissette. Judgment was entered for the plaintiff, James Smith, and against defendants. Willie Jackson, Angela Melson, and Action Realty appeal. We affirm.
The pertinent facts are that Mr. Smith owned rental property in Mobile. The property was managed by a realtor in the area. In October 1985 Mr. Smith decided to put his property up for sale. He was living in Montgomery at that time. Mr. Smith contacted the Montgomery Century 21 office, which suggested he find a Century 21 realtor in the Mobile area where the property was located. Mr. Smith contacted Century 21 Action Realty II, owned by Willie Jackson. He worked with two of its agents, Betty Davis and Derenda Morris-sette. Mr. Smith entered into a sales authority agreement with Action Realty which authorized the sale of his property. No written rental management agreement was entered although Mr. Smith testified that the two agents verbally agreed to manage the property and collect rents.
Several offers were reported to Mr. Smith through the agents. However, the property was never sold by Action Realty. In January 1986 Mr. Smith discontinued mortgage payments on the property. He testified that he did this upon advice of the agents, who allegedly told him that it would be taken care of at closing. In March Mr. Smith received a foreclosure notice on the property, at which time he went to Mobile to check on the status of his property. He learned at this time that a tenant was living on the property. The mortgage was foreclosed upon and the property sold at auction.
Mr. Smith filed a complaint alleging breach of agreement, misrepresentation, and conversion. A second amended complaint alleged negligence on the part of Action Realty and Willie Jackson in the *627 supervision, training, and management of the two employees, Betty Davis and Deren-da Morrissette. After an ore tenus proceeding the trial court entered a judgment for Mr. Smith. Posttrial motions were denied, and Action Realty, Willie Jackson, and Angela Melson appeal contending they as principals could not be held liable for the illegal conduct of their employees. We disagree.
Action Realty, Willie Jackson, and Angela Melson (appellants) argue in brief that ordinary theories of agency apply in this case and that a principal may be held liable for the wrongful act of an agent only when committed within the scope of the employment and not as the result of wholly personal motives. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986). We disagree with appellants’ theory of the case.
After a careful review of the record, we are convinced that the case was presented to the trial court on the theory that the appellants were licensed real estate brokers and as such were responsible for the acts of the salesmen employed by them. The applicable code sections are as follows:
“(4) Qualifying broker. A broker under whom a corporation, partnership, or branch office is licensed, or a broker licensed to do business as a sole proprietorship, and who is responsible for supervising the acts of the company or proprietorship and all real estate licensees licensed therewith.”
§ 34-27-2, Code 1975.
“(2) ... It shall be the duty of the qualifying broker to see that all transactions of every licensee engaged by him or any company for which he is the qualifying broker comply with the provisions of this chapter. Additionally, the qualifying broker shall be responsible to an injured party for the damage caused by any violation of this chapter by any licensee engaged by the qualifying broker. This subsection does not relieve a licensee from liability that he would otherwise have.”
§ 34-27-34, Code 1975.
Mr. Jackson testified that he was the broker for Action Realty and that his duties were to supervise, train, and manage the agents, and to set office policies and procedures. Section 34-27-34(a)(2) mandates that the broker is liable to an injured party for any damage resulting from a violation of the professional code for real estate agents and brokers. Section 34-27-36, Code 1975, lists the acts which are prohibited, and these include material misrepresentations, false promises, and failure to account for or remit monies belonging to others. §§ 34-27-36(a)(3), -36(a)(4), and -36(a)(8), Code 1975.
Mr. Jackson testified that he knew in October 1985 that there was a tenant on the property and that rent was being collected and checks written to Mr. Smith. He also said that he steadily checked on the progress of the sale of the house. There was evidence that Mr. Jackson was aware of misconduct on the part of the two agents and that there had been several complaints about them prior to the foreclosure and resulting lawsuit. This misconduct included misappropriation of monies, substitution and alteration of contracts, and misrepresentations and lying to customers.
There was evidence presented at trial that Betty Davis and Derenda Morrissette made material misrepresentations to Mr. Smith, made false promises about the sale of the property and the mortgage, and failed to remit monies collected from the tenant belonging to Mr. Smith.
Based on the above, the trial court could have reasonably found that the appellee had been injured by the acts of the salesmen and that the appellants were responsible for these acts and thus were liable to the appellee for his damages. See, Davis v. English, 377 So.2d 144 (Ala.Civ.App. 1979); § 34-27-34(a)(2), Code 1975. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.