NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DOBIE MATTLY, a single man,**/DOBIE MATTLY, dba TRUCK
MASTERS PLUS,***, *Petitioners*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

TORY O. BROWN, *Respondent Employee*,

FOCUS HR, INC., FOR LEASED WORKERS TO TUCSON TRUX &
EQUIP. SALES, LLC*; PHOENIX TRUX & TRAILER SALES, LLC****,
*Respondent Employers*,

TRAVELERS PROPERTY AND CASUALTY COMPANY OF
AMERICA *, *Respondent Carrier*,

SPECIAL FUND DIVISION/NO INSURANCE SECTION**,***,
****, *Respondent Party in Interest.*

No. 1 CA-IC 15-0021
FILED 1-26-2016

Special Action – Industrial Commission
ICA Claim No. 20132-800344*
20140-090098**
20140-640020***
20140-640163****
Carrier Claim No. A127CBETY564-R*
NONE **, ***, ****

JoAnn C. Gaffaney, Administrative Law Judge

**AWARD AFFIRMED**

_____

COUNSEL

Keyt Law Office, LLC, Scottsdale
By Norman C. Keyt, Christopher M. Bistany
*Counsel for Petitioners*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Taylor & Associates, PLLC, Phoenix
By Briana E. Chua
*Counsel for Respondent Employee*

Lundmark, Barberich, La Mont & Slavin, P.C., Phoenix
By R. Todd Lundmark
*Counsel for Respondent Employer Focus HR, Inc. and Respondent Carrier Travelers*

Special Fund Division/No Insurance Section, Phoenix
By Valli Goss
*Counsel for Respondent Party in Interest*

_____

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

_____

**D O W N I E**, Judge:

¶1 Petitioners Dobie Mattly and Dobie Mattly dba Truck Masters Plus seek special action review of a workers' compensation award in favor of Tory O. Brown. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        On September 10, 2013, Brown tore his patellar tendon stepping down from a truck cab.  He filed workers' compensation claims against four potential employers.  All four claims were denied, and Brown timely appealed the denials.  An Administrative Law Judge ("ALJ") consolidated the claims for hearing.

¶3        The ALJ held two hearings and heard testimony from Brown and three other witnesses. The parties thereafter filed post-hearing memoranda.  The ALJ found Brown's claim compensable, whereupon Mattly timely requested administrative review.  The ALJ supplemented and affirmed the award.  Mattly timely sought this Court's review.  We have jurisdiction pursuant to Arizona Rule of Procedure for Special Actions 10 and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) and 23-951(A).

**DISCUSSION**

¶4        On appeal, we consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).  We defer to the ALJ's factual findings, but review her determination of Brown's employment status *de novo. See Vance Int'l v. Indus. Comm'n,* 191 Ariz. 98, 100, ¶ 6 (App. 1998).  Because the Arizona Workers' Compensation Act is remedial in nature, courts broadly construe the statutory definition of an employee. *Hughes v. Indus. Comm'n,* 113 Ariz. 517, 519 (1976).

¶5        Mattly initially contends the ALJ's factual findings were insufficient to support the conclusion that Brown was not dually employed. Mattly stresses the following statement included in the initial award:

> 6. The remaining issue is whether the applicant was an employee of either Dobie Mattly or Drew Harrison or both at the time of the industrial accident.

On administrative review, the ALJ recognized that Drew Harrison was not a party and that the businesses in which Harrison was part owner were the named parties, stating:

> In the Request for Review, Mattly states that the issue was incorrectly stated, because Drew Harrison is not a party to the case.  Drew Harrison is one of the owners of a party defendant.  However, the undersigned agrees that the issue

3

should read whether applicant was an employee of Focus HR, Inc. For Leased Workers of Tucson Trux & Equipment Sales, LLC., Dobie Mattly, a single man, Dobie Mattly dba Truck Masters Plus, or Phoenix Trux & Trailer Sales, LLC.

**¶6**      An ALJ has broad power to revise an award. *See* A.R.S. § 23-943(F) (ALJ may modify award "as is determined to be appropriate"). Here, the revision in nomenclature was appropriate, and the initial reference to Harrison had no effect on the ALJ's legal analysis of the parties' relationships. We discern no reversible error based on the initially imprecise wording.

**¶7**      Mattly next argues the ALJ should have found that he jointly or dually employed Brown with Tucson Trux or Phoenix Trux. Joint and dual employment have been described as follows:

> Joint employment occurs when a single employee, under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other. In such a case, both employers are liable for workmen's compensation.

> Dual employment occurs when a single employee, under contract with two employers, and under the separate control of each, performs services for the most part for each employer separately, and when the service for each employer is largely unrelated to that for the other. In such a case, the employers may be liable for workers' compensation separately or jointly, depending on the severability of the employee's activity at the time of injury.

5 Arthur Larson et al., *Larson's Workers' Compensation Law* § 68.01, at 68-1 to 68-2 (Matthew Bender Rev. Ed. & Supp. 2015) ("*Larson's*"), *quoted by Growers Co. v. Indus. Comm'n*, 173 Ariz. 309, 313 (App. 1992).

**¶8**      A prerequisite for joint or dual employment is that the claimant have a contract of employment with the potential employer — i.e., there must be a contract of hire between the parties. *See DeVall v. Indus. Comm'n*, 118 Ariz. 591, 592 (App. 1978); *Larson's* § 64.00, at 64-1. A contract of hire is an agreement to work for another for some type of payment. *See Ferrell v. Indus. Comm'n*, 79 Ariz. 278, 280–81 (1955). A contract of hire may

be express or may be implied from acceptance of the employer's direction and control. *Nation v. Weiner*, 145 Ariz. 414, 419 (App. 1985).

**¶9**　　　　In determining whether a claimant falls within the statutory definition of an employee, courts consider the totality of circumstances surrounding the work and examine various indicia of control. *See Reed v. Indus. Comm'n*, 23 Ariz. App. 591, 593 (1975); *see also* A.R.S. § 23-901(6) (defining "employee" for workers' compensation). Relevant factors include the duration of the work, the method of payment, who furnishes the equipment, the right to hire and fire, who bears responsibility for workers' compensation coverage, the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business. *Home Ins. Co. v. Indus. Comm'n*, 123 Ariz. 348, 350 (1979).

**¶10**　　　　Tucson Trux and Phoenix Trux are businesses that buy and sell trucks. Phoenix Trux did not acquire an Arizona dealership license until September 19, 2013 — after claimant's injury. For that reason, any business occurring before September 19 was conducted by Tucson Trux. Tucson Trux uses truck brokers, including Mattly, to locate vehicles to buy and resell at its dealership. When Tucson Trux bought a truck that Mattly located, Mattly was authorized to use Tucson Trux's insurance and dealer plate to transport the vehicle to its dealership. In order for Brown to drive a truck being transported with Tucson Trux's insurance, he had to provide Tucson Trux with a copy of his commercial driver's license ("CDL").

**¶11**　　　　Harrison testified that he met Brown once when he delivered a truck to Tucson Trux for Mattly. Harrison considered Mattly to be an independent contractor and Brown to be Mattly's employee. Tucson Trux issued IRS 1099 forms to Mattly. For payroll purposes, Focus HR hired all employees of Tucson Trux and Phoenix Trux, including Harrison. Brown testified he had no written agreement with anyone. He stated that all of his contact was with Mattly, who directed his work and paid him.

**¶12**　　　　The ALJ is not required to make specific findings regarding every disputed fact as long as he or she resolves the ultimate issues. *Cf. Cavco Indus. v. Indus. Comm'n,* 129 Ariz. 429, 435 (1981) (even a lack of findings on material issues does not necessarily invalidate an award with a legally sound basis). In determining Brown's status, the ALJ found, in pertinent part:

The applicant filed a claim against Tucson Trux, claiming that Mattly and Drew Harrison were partners. The evidence shows that these persons had a business relationship to buy and sell used semi-trucks. Harrison considered Mattly as an independent contractor and hired him to transport the trucks. Mattly needed drivers, and therefore, Mattly hired the applicant. There is no evidence that Drew Harrison or Focus HR hired the applicant. The evidence does not establish that Harrison had the right to control the method by which applicant performed his duties.

On review, the ALJ supplemented these findings, stating: "Focus HR . . . did not hire the applicant, enter into a contract with the applicant or control the method by which applicant performed his work. . . ."

¶13 Evidence of record established that Brown had no express employment contract with Tucson Trux or Phoenix Trux as of the date of injury. A reasonable trier of fact could also conclude from the evidence presented that neither Tucson Trux nor Phoenix Trux had the right to control the method by which Brown performed his work, so there was no implied contract of hire. Based on these findings, the ALJ properly concluded that Tucson Trux and Phoenix Trux were neither joint nor dual employers.

¶14 Mattly also contends the ALJ should have found that a joint venture existed that included Brown as a member. A joint venture is formed when two or more parties agree to pursue a particular enterprise in hope of sharing a profit. *Ariz. Pub. Serv. Co. v. Lamb*, 84 Ariz. 314, 317 (1958). Five elements are required to establish a joint venture: (1) a contract, (2) a common purpose, (3) a community of interest, (4) an equal right of control, and (5) participation in both profits and losses. *See West v. Soto*, 85 Ariz. 255, 261 (1959); *see also Estrella v. Suarez*, 60 Ariz. 187, 195–96 (1943) (sharing of profits is necessary to create joint venture).

¶15 The ALJ found Brown's testimony that he did not intend to enter into a joint venture to be credible. On the other hand, she expressly found that "Mattly's testimony is not credible that there was a verbal contract between himself and the applicant to establish a joint venture" and concluded the evidence did not support such a theory. The record supports the ALJ's findings, which negate the existence of the requisite contract or "meeting of the minds" — the threshold requirement for a joint venture.

¶16      Finally, the record supports the determination that Brown was Dobie Mattly's employee.  The ALJ ruled:

> The undersigned finds that applicant was an employee of Dobie Mattly for the following reasons.  Mattly was in the business of purchasing used semi-trucks for potential buyers.  He wanted to hire truck drivers to conduct this business.  He hired the applicant to drive the trucks from point A to point B.  He paid the applicant for his services and covered the applicant's travel expenses.  Mattly furnished the trucks for the applicant to drive.  Mattly had the right to control the method by which the trucks were moved from point A to point B.  The right to control is evidenced by the fact that Mattly kept in touch with the applicant several times per day.  The applicant kept daily [driving] logs and provided them to Mattly.  It is true that Mattly did not take taxes out of the applicant's wages and the applicant had preexisting driving skills.  However, the totality of the facts demonstrates an employer/employee relationship.

¶17      The record supports both the ALJ's factual findings and the legal conclusions drawn therefrom.  "[A] worker who is regularly employed in the business of an employer is an 'employee' for the purposes of workers' compensation unless the worker is not subject to the employer's control, is hired only to perform a definite job, and is subordinate solely in effecting a desired result." *Cent. Mgmt. Co. v. Indus. Comm'n*, 162 Ariz. 187, 190 (App. 1989).  The evidence cited by the ALJ was sufficient to conclude that Brown was Mattly's employee.

## CONCLUSION

¶18        For the reasons stated, we affirm the award.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama