594 P.2d 1026

**OHIO FARMERS INSURANCE CO., a corporation, and Unigard Insurance Company, a corporation, Plaintiffs/Appellees,**

**v.**

**Donald R. NORMAN, d/b/a Li'l Abners Steak House, Donald R. Norman and Mary N. Norman, husband and wife, and George Sadler, Defendants/Appellants.**

**No. 2 CA–CIV 2957.**

Court of Appeals of Arizona, Division 2.

March 9, 1979.

Rehearing Denied April 18, 1979.

Review Denied May 8, 1979.

Everett, Bury & Moeller, P. C. by David C. Bury, Tucson, for plaintiffs/appellees.

Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendants/appellants.

## OPINION

HOWARD, Judge.

Can a master be held liable to third persons for a negligent act of his servant even though the master has expressly forbidden the act? That is the main and determinative issue here. We hold that the master can be liable under such circumstances and affirm.

This case was tried to the court sitting without a jury. Appellees are the subrogees of Lawrence and Ethylwin Lewis. The facts, considered in the light most favorable to appellees, are as follows. The Lewises lived on five acres of land south of and adjoining the land occupied by a restaurant called Li'l Abners. On August 18, 1973 Mrs. Lewis observed a trash fire on the restaurant property. She saw George Sadler, the janitor at the restaurant, walking away from the fire. Another witness also observed the fire and noticed that there was then no fire in any other location. This witness also noted that a brisk wind was blowing from north to south, in other words, from the restaurant property towards the Lewis property. After a while, Mrs. Lewis heard her dog barking and heard a snapping and popping sound coming from a bamboo patch outside of her home. She went to the back door and discovered the house was on fire. The Lewises succeeded in escaping but the house was destroyed by the fire.

An expert witness testified that the fire was initiated by sparks from a trash fire on the restaurant property and spread to the Lewises. One of George Sadler's duties was to dispose of the trash. He was supposed to place it in a metal container at the rear of the restaurant property. In the past he had burned the trash, but after one fire had gotten out of control and sparks traveling 300 feet had set the grass on fire, he was instructed by his employer not to burn the trash anymore. He testified that the day of the fire he was taking out trash when he noticed a fire in the area in which he was dumping the trash. He also testified that he saw the fire on the trees and roof of the carport at the Lewis' house.

There was also testimony that Mr. Lewis, who died prior to trial, went to the restaurant after the fire and told witnesses there that the fire might have started at the water heater at his home.

The trial court found in favor of the appellees, awarding Ohio Farmers Insurance Company the sum of $31,800 and Unigard Insurance Company the sum of $2,455.13.

█ Appellants Norman claim that they cannot be held liable for the act of Mr. Sadler under the doctrine of respondeat superior because they specifically instructed him not to burn the trash. We are unable to agree. The general rule is that an employer may be held accountable for the wrongful act of his employee committed while acting in his employer's business and within the scope of his employment, al-

though his employer had expressly forbidden the act. *New Jersey Steam-Boat Co. v. Brockett,* 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049 (1887); *Solmica of Gulf Coast, Inc. v. Braggs,* 285 Ala. 396, 232 So.2d 638 (1970); *Tillar v. Reynolds,* 96 Ark. 358, 131 S.W. 969 (1910); *District of Columbia v. Davis,* 386 A.2d 1195 (D.C.App.1978); *Meyers v. National Detective Agency, Inc.,* 281 A.2d 435 (D.C.App.1971); *Dixon v. Phillips,* 135 Ga.App. 161, 217 S.E.2d 331 (1975); *Gann v. Mills,* 124 Ga.App. 238, 183 S.E.2d 523 (1971); *National Premium Budget Plan Corporation v. National Fire Insurance Company of Hartford,* 97 N.J.Super. 149, 234 A.2d 683 (1967), aff'd, 106 N.J.Super. 238, 254 A.2d 819 (1969); *Johnson v. Lamb,* 273 N.C. 701, 161 S.E.2d 131 (1968); 53 Am.Jur.2d Master and Servant Sec. 435 (1970); W. Seavey, Law of Agency Sec. 87 (1964); Restatement (Second) of Agency Sec. 230 (1958).

Illustration 2 of the foregoing section of the Restatement states:

"P, the owner of a house, directs his janitor to collect the rubbish and deposit it only in barrels provided for the purpose. The janitor, collecting the rubbish, burns it in a vacant lot behind the house. Under normal circumstances and if performed as part of his service, the janitor's act of burning the rubbish is within the scope of employment."

The reason for the general rule is set forth in *Tillar v. Reynolds,* supra, at 971:

" 'This rule is not based on the ground that the agent had authority, express or implied, to commit the tort, as is the case with contractual obligations binding on the principal; but is based on the ground that in such cases the agent represents the principal, and all acts done by the agent in the course of his employment are of the principal, and it is also on the ground of public policy that where one of two innocent persons must suffer from the agent's wrongful act, it is just and reasonable that the principal, who has put it in the agent's power to commit such wrong, should bear the loss rather than the innocent third person.' "

The true test of whether an employer is liable for the act of his employee is whether at the time of the commission of the injury the employee was performing a service in furtherance of his employer's business, not whether it was done in exact observance of the detail prescribed by the employer. *District of Columbia v. Davis,* supra. We believe the general rule to be sound and agree with the trial court's conclusion that the doctrine of respondeat superior was applicable.

Appellants claim that the case of *Olson v. Staggs-Bilt Homes, Inc.,* 23 Ariz.App. 574, 534 P.2d 1073 (1975) supports the conclusion that the law in Arizona is that the master cannot be liable if the servant disobeys the master's order. We do not agree. That case did not concern the issue we have here. It stands for the proposition that to find the master liable the servant must be acting for and on behalf of the master. The court held that the servant was not acting in such a capacity when he was engaging in "horseplay" with a loaded weapon.

We must also discuss appellants' other points, which we find to be without merit. They first contend that appellees cannot recover because of Mr. Lewis' "admission". This is clearly not the law. The weight to be given to a prior statement which is contrary to the position of the party making it is for the trier of fact. Such admissions are generally not conclusive and may be contradicted or rebutted. *Porter v. Porter,* 67 Ariz. 273, 195 P.2d 132 (1948). The physical evidence, the testimony of the expert witness and the testimony of the witness who first observed the fire on the Li'l Abners property clearly demonstrated that Mr. Lewis was mistaken.

Appellants next contend the trial court erred in denying their motion for relief from judgment based upon an affidavit of one Stephen C. Krug to the effect that Mr. Lewis had told him that he thought the fire was caused by his water heater. This evidence was cumulative and the trial court did not err in refusing to grant a new trial. *Ashton v. Sierrita Min-*

*ing and Ranching,* 21 Ariz.App. 303, 518 P.2d 1020 (1974).

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.