640 P.2d 211

**Donald ROBARGE and Judy Robarge, husband and wife, Plaintiffs-Appellants,**

v.

**BECHTEL POWER CORPORATION, a Nevada corporation, Defendant-Appellee.**

**No. 1 CA–CIV 5131.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 26, 1982.

Machmer, Schlosser & Meitz, Ltd. by Robert E. Siesco, Jr., Ronald M. Meitz, Phoenix, for plaintiffs-appellants.

Jones, Teilborg, Sanders, Haga & Parks by James A. Teilborg, Linda A. Drake, Phoenix, for defendant-appellee.

## OPINION

WREN, Chief Judge.

This is an appeal by Donald and Judy Robarge, appellants, from the granting of a motion for summary judgment in favor of Bechtel Power Corporation, appellee. On appeal, we must determine whether Stephen Pablos, an employee of Bechtel Power Corporation, was operating a vehicle within the course and scope of his employment at the time an automobile accident occurred. If so, then his employer, the appellee, may be liable for the injuries resulting to the appellants.

Pablos was employed by appellee as a union carpenter at the Palo Verde Nuclear Power Plant, and his regular working hours were from 6:30 a. m. to 3:00 p. m. Because he resided in Glendale, Arizona, which was approximately 50 miles from the jobsite, Pablos commuted to and from work by automobile and, under his union contract, he received a travel subsistence of six dollars per day. On September 25, 1978, Pablos had completed a regular workday and was driving home in his own vehicle. At approximately 3:35 p. m. he was proceeding eastward on State Route 80 when his vehicle collided with a westbound vehicle in which appellants were riding. Appellants suffered severe bodily injuries. It is uncontested that, at the time of the accident, Pablos had finished his employment duties for the day.

The appellants argue that summary judgment was improper because there existed a disputed issue of material fact. They claim that a determination of whether the six dollar per day travel subsistence was to compensate Pablos for his travel "time" or for his travel "expenses," was crucial to resolution of the scope of employment issue. Further, appellants argue that the trial court did not have before it all the information necessary to rule on a motion for summary judgment, e.g., the union contract, and therefore, the trial court improperly granted appellee's motion.

We neither agree that a disputed material fact existed nor accept appellants' interpretation of the law.

At the outset, we note appellants' contention that because the union contract was not before the trial court, the travel time/travel expense issue could not be resolved by summary judgment. No explanation is given for the failure to produce the contract, however, the burden was on appellants to "set forth specific facts showing that there is a genuine issue for trial." 16 A.R.S., Rules of Civil Procedure, rule 56(e). In their response to appellee's motion for summary judgment, appellants acknowledge that the travel time/travel expense question was yet to be determined, but then go on to state, "[u]ntil further discovery is conducted, the answer remains in dispute. If, however, [appellants'] discovery does reveal that the subject payment to Pablos was for time spent in traveling, the potential for [appellee's] vicarious liability is clear."

The appellants' contention that further discovery might demonstrate that a genuine issue of fact existed was insufficient to resist the motion for summary judgment. "[I]f the party against whom a motion for a summary judgment is directed wants to stay in court he cannot withhold an appropriate showing until time of trial." *Perez v. Tomberlin*, 86 Ariz. 66, 340 P.2d 982 (1959).[1] Accordingly, appellee argues that appellants failed to meet their burden in opposing the motion; therefore, summary judgment was appropriate for this reason alone. We need not decide whether summary judgment could have been entered solely on this basis because we find that there was no material question of fact and that summary judgment was properly granted as a matter of law. *Gibson v.*

---

1. Rule 56(f) of the Arizona Rules of Civil Procedure allows a party opposing a motion for summary judgment to request a continuance for further discovery so that "facts essential to justify his opposition" may be properly presented.

*Parker Trust,* 22 Ariz.App. 342, 527 P.2d 301 (1974).

It is clear that summary judgment is not proper if undisputed material facts give rise to factual inferences over which reasonable minds could differ. *Lundy v. Prescott Valley, Inc.,* 110 Ariz. 362, 519 P.2d 61 (1974). However, the undisputed material facts in this case do not give rise to contested factual inferences. Instead, "it is the legal conclusions to be drawn from these facts that are in actual dispute and these are properly resolved by the court sitting in its capacity as judge and not in its capacity as trier of fact." *Scottsdale Jaycees v. Superior Court of Maricopa County,* 17 Ariz.App. 571, 574, 499 P.2d 185, 188 (1972). For the reasons stated below, we find that the trial court properly concluded as a matter of law, that Pablos was not within the scope of his employment when the accident occurred.

Generally speaking, an employee is not considered to be within the scope of employment when traveling to and from work. *State v. Superior Court In And For the County of Maricopa,* 111 Ariz. 130, 524 P.2d 951 (1974); 52 A.L.R.2d 287, 303, 311. This is often referred to as the "going and coming" rule. *Id.* However, appellants maintain the law in Arizona is that an employee is considered to be within the scope of employment while commuting from work if the employee is compensated for travel time. That this is a rule applicable in workmen's compensation cases is clear. "Certainly when the employer pays for the time involved, the inference should be conclusive that the travel is within the course of employment." *Fisher Contracting Company v. Industrial Commission,* 27 Ariz.App. 397, 399–400, 555 P.2d 366, 368–369 (1976); *See also, Serrano v. Industrial Commission,* 75 Ariz. 326, 256 P.2d 709 (1953). Although appellants concede that workmen's compensation cases are "not necessarily authority" for cases involving tort concepts of respondeat superior, *Throop v. F. E. Young and Company,* 94 Ariz. 146, 382 P.2d 560 (1963), we are urged to apply the above stated rule in the present case because workmen's compensa-

tion cases have consistently been used as supporting authority in tort cases and, also, according to the language of a recent tort case, "there are instances when the [workmen's compensation] principles are particularly apropos and can be invoked." *Anderson v. Gobea,* 18 Ariz.App. 277, 280, 501 P.2d 453, 456 (1972).

We are not persuaded that the present case is a proper one for application of workmen's compensation principles to a tort action. The line separating workmen's compensation cases from tort law cases is indistinct, for tort cases have cited workmen's compensation cases as precedential authority, in addition to using similar language when addressing situations common to both and, particularly, when the "going and coming" rule is at issue. *See, e.g., Faul v. Jelco, Inc.,* 122 Ariz. 490, 595 P.2d 1035 (App. 1979); *Driscoll v. Harmon,* 124 Ariz. 15, 601 P.2d 1051 (1979); *Burns v. Wheeler,* 103 Ariz. 525, 446 P.2d 925 (1968); *Anderson, State, supra.* Nevertheless, the rules adopted for workmen's compensation cases should not be mechanically applied in negligence cases:

> While workmen's compensation law and respondeat superior doctrine both involve allocations of costs regarding industrial accidents, they differ in scope. Workmen's compensation benefits turn solely upon whether the employee was injured while performing an activity related to his job—and "relatedness" is usually a function of benefit to the employer. In contrast, respondeat superior subjects employers to liability for injuries suffered by an indefinite number of third persons. To limit this burden of liability, the narrower concept, "scope of employment," has long been tied to the employer's right to control the employee's activity at the time of his tortious conduct.... We therefore reject the [appellant's] argument that workmen's compensation law be applied in this tort case. *Luth v. Rogers and Babler Construction Co.,* 507 P.2d 761, 764 (Alaska 1973).

In *Driscoll v. Harmon, supra,* the Arizona Supreme Court held that the doctrine of

respondeat superior was the appropriate standard to be applied in a common law tort case. It said:

> Second, the going and coming rule was largely judicially developed in order to provide compensation to workmen for injuries which were incurred while within the range of dangers associated with their employer's premises. There can therefore be no reason to apply it to a situation where the recipient of the benefits of the rule is not an injured workman. *Id.* 124 Ariz. at 16, 601 P.2d 1051.

The *Driscoll* Court then proceeded to apply the principles inherent in the doctrine of respondeat superior to the facts of that case. We find that those principles are applicable here.

█ Our decision is not intended to suggest that workmen's compensation case analysis has no applicability to tort law cases. In deciding whether or not an employee is within the scope of his employment in a tort case, as opposed to a workmen's compensation case, the doctrine of respondeat superior is the standard against which that determination shall be made, and other concepts borrowed from the area of workmen's compensation law can be considered but will not be controlling.

Having determined the appropriate standard, we now examine whether Pablos was within the scope of his employment at the time of the accident.

█ It is clear that the "going and coming" cases must be decided upon the facts and circumstances of each particular situation. *Anderson, supra.* However, certain specific facts must be present at the time of injury in order to hold an employer vicariously liable for the negligent acts of his employee: (1) the employee must be subject to the employer's control or right of control; (2) the employee must be acting in furtherance of the employer's business. *Consolidated Motors, Inc. v. Ketcham,* 49 Ariz. 295, 66 P.2d 246 (1937); *Ohio Farmers Insurance Company v. Norman,* 122 Ariz. 330, 594 P.2d 1026 (App.1979); *Faul, supra.* Our review of the record demonstrates that neither of the above mentioned requirements were met in the present case. When the accident occurred, Pablos' workday had ended, he was driving home in his own vehicle without any employer-imposed obligations concerning route or manner of travel; he had no further work related duties to perform; and his employer had no claim on him until 6:30 a.m. the following morning.

A case factually similar to the one before us is *State v. Superior Court, supra.* In *State,* an Arizona National Guardsman was involved in a fatal accident while traveling to weekend training duty. A theory for vicarious liability was predicated primarily on the fact that the guardsman was reimbursed by the State for travel expenses at the rate of ten cents per mile. Our Supreme Court held:

> "... [T]he mere fact that the State had agreed to pay [his] travel expenses, in the form of a mileage allowance did not bestow in it any right of control. To hold that by simply paying his travel expenses ... the State opened itself to liability for any tortious act he might commit while traveling ... would be patently unfair and beyond the scope of the doctrine of respondeat superior." *Id.* [111 Ariz.] at 133 [524 P.2d 951]. [Quoting, *Lundberg v. State,* 25 N.Y.2d 467, 472, 306 N.Y.S.2d 947, 951, 255 N.E.2d 177, 179 (1969).]

However, appellants argue that the circumstances in the present case go beyond the *State* rationale, because the six dollar compensation allowance could be considered as reimbursement for travel time, rather than for travel expenses and, therefore, a case of first impression has been presented to us.

While we are unaware of any Arizona cases that have specifically decided whether compensation by the employer for travel time is sufficient to show that the employee was acting within the scope of employment, at least one neighboring jurisdiction has considered the matter. In *Beard v. Brown,* 616 P.2d 726 (Wyo.1980), a theory of respondeat superior was supported only by a showing that the employer, Frailey, had

agreed to pay the employee, Buller, for the amount of time involved in traveling to and from work. The Wyoming Supreme Court said:

> From the state of this record, we can only conclude that Buller, at the time of the collision, was not actuated by a purpose to serve Frailey; Buller's activity in returning home was not done with the intention to perform it as a part of or incident to a service on account of which she was employed; and Buller was not furthering the business interests of appellee in any way at the time of the collision. (Citation omitted.) ... We hold that the mere fact that Frailey agreed to pay Buller for the approximate amount of time consumed in traveling to and from work, did not bestow on Frailey any direct benefits or right of control. To hold that by simply making these payments Frailey opened itself up to liability for any tortious act Buller might have committed while traveling to and from work would be potentially unfair and far beyond the scope of the doctrine of respondeat superior. The mere fact that an employee is remunerated or paid by employers for time traveling to and from work does not place that employee within the "scope-of-employment" rule in a negligence case. (Citations omitted.) *Id.* at 736.

We agree with this reasoning. Even if we were to assume that the subsistence paid to Pablos was for travel time we find neither a right of control by the employer nor that Pablos was furthering his business interests. Pablos was therefore not within the scope of employment when the accident took place.

Having found no error in the proceedings below, the decision of the trial court is affirmed.

JACOBSON, P. J., and McFATE, J., concur.

NOTE: The Honorable YALE McFATE, a retired judge of a court of record was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const.Art. VI, § 20.