708 P.2d 1337

**The STATE of Arizona, Crossdefendant/Appellant,**

v.

**The PIMA COUNTY ADULT PROBATION DEPARTMENT: Stephen C. Emslie, Charles R. Moffett, William G. Johnson, Robert E. Long, as employees of the Pima County Adult Probation Department, Crossclaimants/Appellees.**

**2 CA–CIV 5436.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 31, 1985.

Robert K. Corbin, Atty. Gen. by A. Glenn Reesing, Phoenix, for crossdefendant/appellant.

Jones, Dickerman, Nuckolls, Edwards & Smith, P.C. by Richard M. Rollman, Tucson, for crossclaimants/appellees.

## OPINION

HOWARD, Judge.

This appeal arises out of a summary judgment in which the trial court held that probation officers are officers, agents and employees of the judicial department of the state and are entitled to insurance coverage under A.R.S. § 41–621.

On August 30, 1982, various minor plaintiffs initiated a tort action against the Pima County Adult Probation Department, four named adult probation officers, the State of Arizona and Pima County, claiming that they were injured as a result of the probation department's alleged negligence in supervising the probation of Jesse Christopher. Specifically, they alleged that Christopher, while on probation for several convictions arising out of sexual conduct with minors, molested the minor plaintiffs. The trial court granted summary judgment in favor of all the defendants, and we affirmed, ruling that probation officers were immune from liability. *Acevedo v. Pima County Adult Probation Department,* 142 Ariz. 360, 690 P.2d 79 (App.1983). On September 25, 1984, the Arizona Supreme Court vacated that opinion, holding that a probation officer cannot claim immunity unless he is acting pursuant to the directions of the court and that, since the sentencing court had specifically prohibited the probationer from having any contact with minors and the probation officers had ignored such specific directions, any possible claim to immunity was lost. *Acevedo v. Pima County Adult Probation Department,* 142 Ariz. 319, 690 P.2d 38 (1983).

On November 30, 1984, an answer to the complaint was filed on behalf of the probation department and the four probation officers. Additionally, the department crossclaimed against the state and Pima County for declaratory judgment, claiming alternatively that the department and its probation officers were officers, agents and employees of a department of the State of Arizona within the meaning of A.R.S. § 41–621, and therefore entitled to insurance thereunder, or that they were agents and employees of the County of Pima, and therefore within the self-insurance or insurance coverage provided by the county pur-

suant to A.R.S. § 11-981. The department moved for summary judgment against the state, which was granted on March 8, 1985.

The state raises three issues on appeal:

1. The trial court erred in denying a third extension of time for hearing the motion for summary judgment.

2. The trial court erred in holding that the probation department is part of the judicial department of the state.

3. The defendant probation officers are not entitled to the rights and benefits of insurance pursuant to A.R.S. § 41-621 because they were acting outside the course and scope of their employment.

■ The state contends that the trial court should have deferred hearing the motion for summary judgment until additional discovery was completed. Specifically, the state argues that additional discovery should have been conducted regarding the workload of probation officers, the sufficiency of funding and the adequacy of work space, equipment and facilities. These factual determinations, however, were not relevant to the issue before the trial court. Indeed, there were no material questions of fact in dispute with regard to this issue, and it was properly heard without further discovery.

The state next contends that the trial court abused its discretion when it decided as a matter of law that the probation department is part of the judicial department of the state. We do not agree.

■ It is clear from both statute and case law that probation officers are part of the judicial department. A.R.S. §§ 12-251 through 254 provide that the chief adult probation officer is appointed by the presiding judge of the superior court and is under his direction and control. The chief adult probation officer, in turn, with the approval of the presiding judge of the superior court, appoints deputy probation officers to prepare presentence reports and to supervise probationers.

Furthermore, in *Broomfield v. Maricopa County*, 112 Ariz. 565, 544 P.2d 1080 (1975), the supreme court stated that probation officers are part of the judicial function and that the judiciary has inherent power of control over probation officers. Similarly, in *Mann v. County of Maricopa*, 104 Ariz. 561, 456 P.2d 931 (1969), the court held that the judicial department must retain the power of control over personnel directly connected with the operation of the courts. The court stated:

"The legislative and executive departments have their functions and their exclusive powers, including the 'purse' and the 'sword.' The judiciary has its exclusive powers and functions, to wit: it has judgment and the power to enforce its judgments and orders. In their responsibilities and duties, the courts must have complete independence. It is not only exiomatic [sic], it is the genius of our government that the courts must be independent, unfettered, and free from directives, influence, or interference from any extraneous source." 104 Ariz. at 565, 456 P.2d at 935.

Additionally, the record discloses that Pima County considers the adult probation office as a program under the superior court. The chief adult probation officer prepares a budget for the probation department annually and submits it to the presiding judge of the superior court, not to the county board of supervisors. The adult probation department is not part of the county merit system but is part of a separate judicial merit system first established by an administrative order of the superior court in 1976. The department works with and takes directives from administrative officers at the Arizona Supreme Court, and probation officers report directly to the Pima County Superior Court. The payroll for the probation department is first submitted to the superior court. Requirements for hiring employees for the probation department are established by Pima County judges and the Arizona Supreme

Court. Finally, the probation department publishes its own annual report which bears the seal of the State of Arizona rather than the seal of Pima County.

The state has placed substantial emphasis on the fact that the county subsidizes the salaries of probation officers in support of its argument that the county and not the state is responsible for probation officers. Recently, the supreme court held that city magistrates are part of the judicial department of the state and are not employees of the city even though the city pays their salary. *Winter v. Coor*, 144 Ariz. 56, 695 P.2d 1094 (1985). Thus, the fact that the county subsidizes the salaries of probation officers is not determinative of the issue.

In view of the facts, statutes, and case authority, we find that here the trial court properly held that probation officers are officers, agents, and employees of the judicial department of the state.

The state next argues that even if probation officers are part of the judicial department, they are not covered here under A.R.S. § 41–621 because they were acting outside the course and scope of their employment, according to the supreme court's decision in *Acevedo*. A.R.S. § 41–621 provides in part that:

"A. The department of administration shall obtain insurance against loss ... on the following:

\* \* \*

3. The state and its departments, agencies, boards and commissions and all officers, agents and employees thereof against liability for acts or omissions of any nature while acting in authorized governmental or proprietary capacities and in the *course and scope of employment....*" (Emphasis added.)

*Acevedo*, however, did not establish that the probation officers were not acting within the course and scope of their employment; rather, it merely established that their actions were not protected by judicial immunity.

■ In essence, the state's position is that if an employee (in this case, a probation officer) disobeys an order of the employer (in this case the state), the employer cannot be held liable because the employee is acting outside the course and scope of his employment. This court was faced with this issue in *Ohio Farmers Insurance Co. v. Norman*, 122 Ariz. 330, 594 P.2d 1026 (App.1979), where we held that:

"The general rule is that an employer may be held accountable for the wrongful act of his employee committed while acting in his employer's business and within the scope of his employment, although his employer had expressly forbidden the act." 122 Ariz. at 332, 594 P.2d at 1028.

Quoting from *Tillar v. Reynolds*, 96 Ark. 358, 131 S.W. 969 (1910), we adopted the view that:

"This rule is not based on the ground that the agent had authority, expressed or implied, to commit the tort, as is the case with contractual obligations binding on the principal; but is based on the ground that in such cases the agent represents the principal, and all acts done by the agent in the course of his employment are of the principal, and it is also on the ground of public policy that where one of two innocent persons must suffer from the agent's wrongful act, it is just and reasonable that the principal, who has put it in the agent's power to commit such wrong, should bear the loss rather than the innocent third person." 131 S.W. at 971.

Thus, although in this case the probation officer acted contrary to the court's directive, the state may nevertheless be held liable.

■ In *Robarge v. Bechtel Power Corporation*, 131 Ariz. 280, 640 P.2d 211 (App. 1980), the court held that in order to hold an employer vicariously liable for the negligent acts of his employee:

"(1) The employee must be subject to the *employer's control or right of control;*

(2) The employee must be acting in furtherance of the employer's business." 131 Ariz. at 283, 640 P.2d at 214. (Emphasis added.)

Even though the county may have provided the probation officers with funds, facilities, and equipment, the right of control rested with the court, not with the county, and the officers acted in furtherance of the business of the court, not the county.

Similarly, in *Yamamoto v. Santa Cruz County Board of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App.1980), the court held that because the county board of supervisors had no right to control the activities of the justice of the peace, the clerk of the justice of the peace, the superior court or the clerk of the superior court, the county could not be held liable on the theory of respondeat superior for their alleged negligence. The court stated:

"The only acts alleged in the tort counts were those of the clerk and her deputy, and the justice of the peace. Their duties are imposed by law, not by the county. Having no right of control over either, the county cannot be liable for their torts under the doctrine of respondeat superior." 124 Ariz. at 540, 606 P.2d at 30.

See *Fridena v. Maricopa County*, 18 Ariz. App. 527, 504 P.2d 58 (1972).

This principle was also followed in *Hernandez v. Maricopa County*, 138 Ariz. 143, 673 P.2d 341 (App.1983). Relying on *Yamamoto*, the court held that the doctrine of respondeat superior could not be invoked to impute liability to Maricopa County for the acts of the justice of the peace and his staff because "Maricopa County has no power to control the implementation and execution of those duties." 138 Ariz. at 146, 673 P.2d at 344.

Because the state and not the county had the right to control the allegedly negligent probation officers in their supervision of Jesse Christopher, and because the probation officers acted in furtherance of the state's business of supervising probationers, we find that the probation officers are covered under A.R.S. § 41–621 and therefore the trial court correctly granted summary judgment.

Affirmed.

FERNANDEZ and LIVERMORE, JJ., concur.