771 P.2d 1380

**Thomas E. COLLINS, Maricopa County Attorney; Maricopa County, Petitioners,**

v.

**Robert K. CORBIN, Attorney General; State of Arizona, Respondents.**

**No. CV–88–0135–SA.**

Supreme Court of Arizona, En Banc.

March 7, 1989.

Reconsideration Denied May 2, 1989.

Thomas E. Collins, Maricopa County Atty. by Maria R. Brandon, Deputy County Atty., Phoenix, for petitioners.

Robert K. Corbin, Atty. Gen. by Jonathan H. Schwartz, Cari Ann Davis, Asst. Attys. Gen., Phoenix, for respondents.

OPINION

CORCORAN, Justice.

The issue raised in this original special action petition is whether justices of the peace are local or state officers for the purposes of securing legal advice and liability coverage. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5.

*Facts*

Petitioners, Maricopa County and the Maricopa County Attorney, brought this special action contending that justices of the peace are state officers, and that the Attorney General is responsible for providing them with legal advice and legal representation pursuant to A.R.S. § 41–192(A)(1). The state would likewise be responsible for providing liability coverage to justices of the peace under A.R.S. § 41–621. Respondents, the state and the Attorney General, disagree, contending that justices of the peace are county officers. Respondents argue that the county attorney is responsible for advising justices of the peace on legal matters, pursuant to A.R.S. § 11–532(A)(7), and that the county has authority to obtain liability insurance for them pursuant to A.R.S. §§ 11–261 and –981. We agree with respondents and hold that, for purposes of securing legal advice, legal representation and coverage for liability claims, justices of the peace are county officers.

*Analysis*

In *Hellman v. Marquardt*, 111 Ariz. 95, 523 P.2d 792 (1974), a special action was brought in Maricopa County to restrain a Yavapai County justice of the peace from taking any further action in criminal proceedings brought in his court. The Maricopa County Superior Court granted relief. The justice of the peace then brought a special action to this court, challenging the right of the superior court to enjoin his actions.

Rule 4(b), Rules of Procedure for Special Actions, provides:

> **Where action brought.** An action brought in the Superior Court under this Rule shall be brought in the county in which the body or officer has or should have determined the matter to be re-

viewed, or, in the case of a state officer or body, either in Maricopa County or in the county of residence of the plaintiff. . . .

In applying the rule, we stated: "We think that in Arizona the office of justice of the peace is local in character and therefore hold that under the Constitution and Arizona statutes it is a county office." 111 Ariz. at 98, 523 P.2d at 795. Accordingly, we held that the special action to restrain the justice of the peace should have been brought in Yavapai County, not Maricopa County. 111 Ariz. at 96, 523 P.2d at 793.

*Hellman* is consistent with our earlier decision in *Nicol v. Superior Court*, 106 Ariz. 208, 473 P.2d 455 (1970). In *Nicol* we held that A.R.S. § 11–402, which lists the qualifications for county officers, applies to justices of the peace, even though they are not among the county officers listed in A.R.S. § 11–401. *See also State v. Lynch*, 107 Ariz. 463, 489 P.2d 697 (1971).

Petitioners erroneously attempt to limit our decision in *Hellman* by characterizing it as merely a venue determination. As mentioned in *Hellman*, our constitution and statutes support the characterization of justices of the peace as county officers. Article 6, § 26 of our constitution requires all justices, judges and justices of the peace to take an oath before beginning their duties. The oaths of justices and judges are filed with the Secretary of State. Oaths taken by justices of the peace, however, must be "filed in the office of the county recorder." Ariz. Const. art. 6, § 26.

In addition, justice precincts are established by the county's board of supervisors, and may be changed or abolished by the board. A.R.S. § 22–101. Justices of the peace are elected by qualified electors of the precinct. A.R.S. § 22–102. The official seal of each justice of the peace contains the county's name, whereas the official seal of the superior court, a *state* office, contains the words "State of Arizona." *Compare* A.R.S. § 22–113 *with* A.R.S. § 12–126. Justices of the peace pay all funds received to the county treasurer.

A.R.S. § 22–116. The county, not the state, pays the full employer contribution to the state retirement plan for each justice of the peace within the county. A.R.S. § 22–117. All of these statutes support our decision that a justice of the peace is a local officer rather than a state officer.

Cases cited by petitioners in support of their contention are readily distinguishable. In *Winter v. Coor*, 144 Ariz. 56, 695 P.2d 1094 (1985), the issue was the constitutionality of town codes permitting town councils to remove town magistrates at will. In deciding the issue, we had to determine whether town magistrate courts were part of the state's judicial department. We reasoned that because magistrates have jurisdiction over state law violations, they must have judicial independence and may not be removed at will by a town's executive or legislative officers. Accordingly, we concluded that "magistrate courts are indeed part of the integrated judicial department of this state," 144 Ariz. at 59, 695 P.2d at 1097, and that they are "judicial officers," not "officers and agents of the town" who may be removed at will. 144 Ariz. at 62, 695 P.2d at 1100.

Although *Winter* stands for the proposition that magistrates are independent judicial officers and are part of the state's integrated judicial department, it does not support petitioners' position that justices of the peace are state officers. The independence of judicial officers, specifically justices of the peace, was recognized in *Hernandez v. Maricopa County*, 138 Ariz. 143, 673 P.2d 341 (App.1983). The issue before the court of appeals was whether a county was liable for the negligent acts of a justice of the peace. We stated: "Justice of the peace courts, like the superior court, are part of the judicial department and thus they are not under the control of the executive branch of government." 138 Ariz. at 146, 673 P.2d at 344. Therefore, because the county had no right to control justices of the peace, their negligence could not be imputed to the county. *See also Yamamoto v. Board of Supervisors*, 124 Ariz. 538, 606 P.2d 28 (App.1980). Again, merely stating that justices of the peace are not subject to the county's control does not mean that they are not county officers.

Finally, petitioners rely on *State v. Adult Probation Department*, 147 Ariz. 146, 708 P.2d 1337 (App.1985), in which the court of appeals held that probation officers are state employees for liability insurance purposes. A.R.S. § 41–621(A)(3) requires the department of administration to obtain insurance against loss for the "state and its departments ... and all officers, agents and employees thereof...." The court of appeals held that probation officers were included within the coverage of § 41–621 because "the state and not the county had the right to control the allegedly negligent probation officers...." 147 Ariz. at 150, 708 P.2d at 1341.

This case likewise fails to support petitioners' argument. In *Probation Department*, the court noted that the chief adult probation officer is appointed by the superior court's presiding judge and is under his direction and control. In turn, with the presiding judge's approval, the chief appoints deputies. Additionally, the court noted that the probation department submits its budget to the presiding judge of the superior court, not to the county board of supervisors. The court concluded by noting that "the probation department publishes its own annual report which bears the seal of the State of Arizona rather than the seal of Pima County." 147 Ariz. at 149, 708 P.2d at 1340. These factors serve to distinguish that case from the one before us.

Given our decision that justices of the peace are local officers, it follows that, pursuant to A.R.S. § 11–532, the county attorney is responsible for providing legal advice and representation to justices of the peace so requesting. Liability coverage for justices of the peace is the county's responsibility, as set forth in A.R.S. §§ 11–261 and –981. Accordingly, we deny petitioners' requested relief.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.