24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alicia Nieto JACOBS, Plaintiff-Appellant,
v.
MARICOPA COUNTY, Defendant-Appellee.
 No. 92-16675.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994.
Decided May 9, 1994.
 
 Before: SCHROEDER, D.W. NELSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant Alicia Nieto Jacobs appeals the district court's dismissal of her complaint against the County of Maricopa alleging unlawful employment discrimination under Title VII and other state and local laws. The district court found that the first two counts of Jacobs' complaint were time barred and that a third count failed to state a claim because the only named defendant, the County, exercised no control over the personnel involved.
 
 
 3
 We reverse and remand to the district court for further proceedings and with the instruction that Jacobs be allowed to amend her complaint.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Jacobs was working regularly as a "per diem" Spanish language interpreter for the Office of the Court Interpreter ("OCI") for the Superior Court of Arizona, County of Maricopa, when she applied for, but was denied, appointment to the position of Director of Interpreter Services. Instead, the job went to Ramon Delgadillo.
 
 
 5
 In Count I of her complaint to the district court, Jacobs claimed that immediately upon assuming his duties as director, Delgadillo denied her work as an interpreter in the Maricopa County courts. She claims he did this in retaliation against her for having competed with him for the director's position. Count I also alleges that the County failed to train or supervise Delgadillo properly.
 
 
 6
 In Count II, Jacobs alleged that Delgadillo and the OCI administrator retaliated against her after she filed a separate sex discrimination claim with the Equal Employment Opportunity Commission ("EEOC") based on her belief that she was denied the director's job in favor of a less qualified male, Delgadillo. Count II also contains allegations that OCI established a hiring policy for interpreters that discriminates on the basis of age.
 
 
 7
 In Count III, Jacobs claimed that OCI Administrator Sarah Shew retaliated against her for "whistle blowing" after Jacobs complained that Spanish-speaking arrestees were being detained longer than 24 hours before getting a preliminary hearing as a result of an OCI policy aimed at avoiding the use of after-hours interpreters.
 
 
 8
 Prior to filing suit in district court, Jacobs filed with the EEOC a complaint alleging the foregoing facts. She received a Right to Sue Letter some time around January 23, 1993. ER at 9, Tab 6. On April 22, 1992, 89 days after receiving her Right to Sue Letter, Jacobs lodged her complaint with the clerk of the district court along with a petition to proceed in forma pauperis. After her petition was denied on May 1, 1992, Jacobs paid the filing fees and her complaint was officially filed.
 
 
 9
 The district court dismissed her complaint, holding that the first two counts were time-barred by Arizona's two-year statute of limitations for such actions. The court dismissed the third count for failure to state a claim, stating that the interpreter's office is not within the control of the only named defendant, the County, but rather "falls statutorily directly under the supervision of the court."[1] The court cited Arizona Revised Statute Sec. 12-241 for the proposition that the "court" appoints interpreters. Jacobs timely appealed from this dismissal. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 DISCUSSION
 I. Statute of Limitations
 
 10
 The County conceded before the district court and again on appeal that Jacobs' complaint was timely filed within 90 days of her receipt of the Right to Sue letter from the EEOC. ER at 2, Tab 8. While it was error for the district court to have dismissed the first two counts as time-barred, we will nonetheless consider whether Counts I and II should have been dismissed for failure to state a claim. The County argues that like Count III, Counts I and II allege conduct by persons over which the County has no right of control, and therefore the complaint was properly dismissed because Jacobs named the wrong defendant.
 
 II. Failure to State a Claim
 A. Standard of Review
 
 11
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Baker v. McNeil Island Corrections Center, 859 F.2d 124, 127 (9th Cir.1988). A complaint should not be dismissed unless, accepting all of the plaintiff's allegations of material fact as true, it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Id. "In civil rights cases, where petitioner is pro se, the court has an obligation to construe the pleadings liberally and to afford petitioner any benefit of the doubt." Id.
 
 B. Analysis
 
 12
 The County argues that, even assuming Jacobs' allegations are true, it is not liable under Title VII because it is not her employer. However, the Arizona cases cited by the County in support of its contention that it has no right of control over court employees do not involve Title VII claims, and therefore, are inapposite to the determination of whether, for purposes of Title VII, the County might be considered the "employer" of the court personnel, or the agent of their employer.
 
 
 13
 Federal courts interpreting Title VII have held that the definitions of "employer" and "employee" are to be liberally construed in order to effectuate the policies of Title VII. See Owens v. Rush, 636 F.2d 283, 287 (10th Cir.1980); Sibley Memorial Hospital v. Wilson, 488 F.2d 1338, 1340-41 (D.C.Cir.1973). While Title VII protections apply only where there is "some connection with an employment relationship," the connection "need not necessarily be direct." Baker, 859 F.2d at 127, see also, Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir.1980). Courts have applied a type of "control" test in determining whether an entity is an employer or an agent of the employer under Title VII. See Williams v. City of Montgomery, 742 F.2d 586, 589 (11th Cir.1984), cert. denied, 470 U.S. 1053 (1985) (holding that a City-County Personnel Board was the "agent" of the employer/city for Title VII purposes because the city had delegated to the personnel board certain "traditional" employer rights, such as formulating pay and classification plans; evaluating employees; and promoting, demoting, transferring and reinstating employees). See also, Rogero v. Noone, 704 F.2d 518 (11th Cir.1983) and Bostick v. Rappleyea, 629 F.Supp. 1328, 1334 (N.D.N.Y.1985).
 
 
 14
 Jacobs has alleged that the County exercises control over court personnel through the involvement of the County Personnel Director and County Merit System Commission in the Judicial Merit System. Because the Judicial Merit System outlines the rules and policies under which court employees for the County of Maricopa are hired, fired, promoted and demoted, as well as a non-discrimination policy and grievance procedures, the County's involvement in the Judicial Merit System is relevant to the determination of whether the County would be liable for Title VII violations against court employees. See Judicial Merit System Resolution and Rules as presented in Exhibit 12 of Addendum to Appellant's Informal Brief at Secs. 7-10.
 
 
 15
 On the record before us, we are unable to determine whether in fact the County is involved in implementing or administering the Judicial Merit System or, assuming it is, whether this involvement is sufficient to make it the "agent" of the Maricopa County judiciary for purposes of Title VII. Because at this procedural stage we are required to accept all of Jacobs' allegations as true, Baker, 859 F.2d at 127, we find that the district court erred in dismissing Jacobs' complaint based on its finding that Arizona Revised Statute Sec. 12-241 places sole control over court interpreters in the courts.
 
 
 16
 Also, as we discussed above, we reject the argument that the Arizona cases dealing with the relationship between the Maricopa judiciary and Maricopa County are authoritative on the issue of whether the County can be liable for Title VII violations against court employees. None of the state cases ( Broomfield v. Maricopa County, 544 P.2d 1080 (Ariz.1975), Mann v. County of Maricopa, 456 P.2d 931 (Ariz.1969), Hernandez v. Maricopa County, 673 P.2d 341 (Ariz.Ct.App.1983) and State v. Pima County Adult Probation Dep't, 708 P.2d 1337 (Ariz.Ct.App.1985)) involves Title VII, so while they may be informative, they are not authoritative. We therefore reverse and remand to the district court for further proceedings on this issue.
 
 III. Right to Amend the Complaint
 
 17
 Although she was represented by counsel on appeal, Jacobs was pro se at the district court level. Under Ninth Circuit law, before a district court may dismiss a pro se plaintiff's complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of the complaint and give the plaintiff the opportunity to amend. McGuckin v. Smith, 974 F.2d 1050, 1055-57 (9th Cir.1992). Because the district court dismissed Jacobs' complaint without giving her leave to amend, we remand to the district court with instructions that Jacobs be allowed to amend her complaint to remedy any deficiencies if it is determined that the County in fact was improperly named as a defendant.
 
 CONCLUSION
 
 18
 We reverse the district court's dismissal of Jacobs' complaint and remand for further proceedings on the question of whether the County is the proper defendant in this case. We also instruct the district court to allow Jacobs to amend her complaint in the event that it is determined that the County is not the proper defendant. However, because the record is insufficient, we make no conclusions as to whether the County is the employer or agent of the employer of the court employees under Title VII. Likewise, we make no determination as to whether, as a per diem interpreter, Jacobs qualifies as an "employee" under Title VII. Nor do we reach the merits of Jacobs' Title VII claims.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jacobs correctly notes that the district court erred when it said in its order dismissing her complaint that "Count III asserts that Maricopa County failed to adequately train and supervise Raymond Delgadillo." ER at 2, Tab 10. The district court appears to have mistaken Count III for Count I, which it had already found to be time barred. We will assume that when the district court referred to Count III, it referred to the retaliation allegedly perpetrated by OCI administrator Sarah Shew