Cornelius DORA, husband; et al., Plaintiffs–Appellants,

v.

Jane Doe ACHEY, wife; et al., Defendants,

and

United States of America, Defendant–Appellee.

No. 07–15237.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Nov. 19, 2008.

Gordon S. Bueler, Esquire, Bueler Jones LLP, Chandler, AZ, for Plaintiffs–Appellants.

Michael A. Johns, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and ROTH,** Senior Circuit Judge.

## MEMORANDUM ***

Cornelius and Barbara Dora appeal from the district court's order granting

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provid-

summary judgment to the Government. The district court concluded that allegedly defamatory statements made by Michael Achey were within the course and scope of his employment for the United States. Because the government has not waived its sovereign immunity under the Federal Tort Claims Act ("FTCA") for claims arising out of libel or slander, the district court determined that it lacked subject matter jurisdiction over the claim. We affirm.

This court reviews a grant of summary judgment de novo. *Jones v. Union Pac. R.R. Co.*, 968 F.2d 937, 940 (9th Cir.1992). Summary judgment is properly granted when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Whether a federal employee is acting within the scope of his employment for purposes of the FTCA is determined by "apply[ing] the respondeat superior principles of the state in which the alleged tort occurred." *Green v. Hall*, 8 F.3d 695, 698–99 (9th Cir.1993).

■ The Doras assert that the district court erred in granting summary judgment because, under Arizona law, scope of employment presents questions of fact to be determined by a fact-finder. Although it is true that scope of employment determinations involve questions of fact; when material facts are undisputed, Arizona courts may decide scope of employment questions as a matter of law. *See, e.g., Dube v. Desai*, 218 Ariz. 362, 186 P.3d 587, 590 (Ariz.Ct.App.2008).

■ The Doras also argue that a termination clause in the Veterans Health Administration Handbook creates a genuine issue of material fact as to whether Achey was acting within the scope of his employment. This clause, however, applied only to "utilizing departments" and thus did not apply to Achey, who was the Voluntary Services Officer. Moreover, even if Achey violated Handbook protocol, his statements were incidental to his authority to terminate volunteers and communicate with outside organizations, and were therefore within the scope of his employment. *See State v. Schallock*, 189 Ariz. 250, 941 P.2d 1275 (1997); *see also Dube*, 186 P.3d at 587; *State v. Pima County Adult Prob. Dep't*, 147 Ariz. 146, 708 P.2d 1337, 1340 (Ariz.Ct.App.1985).

■ Finally, the Doras assert that intentional torts always fall outside of the scope of employment. Not so. Under Arizona law, intentional torts, including defamation, may fall within the scope of employment. *See e.g., Phoenix Newspapers, Inc. v. Church*, 24 Ariz.App. 287, 537 P.2d 1345, 1359 (1975) (defamation); *Higgins v. Assmann Elecs.*, 217 Ariz. 289, 173 P.3d 453 (Ariz.Ct.App.2007) (wrongful termination); *Dube*, 186 P.3d at 587 (tortious interference with business relationships or expectancies). Even if Achey was also motivated by animus, he was authorized to terminate volunteers and expected to communicate with outside groups. *See Dube*, 186 P.3d at 590.

Accordingly, the District Court's order granting summary judgment to the Government is **AFFIRMED**.

**AFFIRMED.**