NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT BRADLEY, | No. 23-15925 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01435-SPL |
| v. | |
| LORI BRADLEY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted June 17, 2024**

Before:    CANBY, PAEZ, and SUNG, Circuit Judges.

Scott Bradley appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging various constitutional violations in connection

with family court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2021) (dismissal for failure to state a claim and application of the *Rooker-Feldman* doctrine); *Sadoski v. Mosley*, 435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (judicial immunity). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (Eleventh Amendment immunity). We may affirm on any ground supported by the record. *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021). We affirm.

The district court properly dismissed Bradley's claims against defendant Lori Bradley as barred by the *Rooker-Feldman* doctrine and because Bradley otherwise failed to allege facts sufficient to state a plausible claim. *See Noel v. Hall*, 341 F.3d 1148, 1154, 1163-65 (9th Cir. 2003) (explaining that *Rooker-Feldman* doctrine bars a de facto appeal of a state court decision or claims "inextricably intertwined" with that decision); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Bradley's claims against defendant Judge Westerhausen because she is immune from liability. *See* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers for their judicial conduct "unless a declaratory decree was violated or declaratory relief was unavailable"); *Sadoski*, 435 F.3d at 1079 (judges are absolutely immune from suits for damages based on their judicial conduct except when acting "in the clear absence of all jurisdiction" (citations and internal quotation marks omitted)); *see also Munoz v. Superior Ct. of*

*L.A. County*, 91 F.4th 977, 981 (9th Cir. 2024) (clarifying that *Ex parte Young* exception does not allow injunctions against state-court judges acting in their judicial capacity).

Dismissal of Bradley's claims against defendants the State of Arizona, the Superior Court of Arizona, and the Arizona Department of Economic Security was proper because these defendants are entitled to immunity under the Eleventh Amendment. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies[.]" (citation and internal quotation marks omitted)); *see also Collins v. Corbin*, 771 P.2d 1380, 1381 (Ariz. 1989) (identifying the superior court of Arizona as "a state office").

The district court did not abuse its discretion by denying Bradley's motions for default judgment against the State of Arizona or Lori Bradley. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) (affirming denial of default judgment based on "the lack of merit in" plaintiff's underlying claims).

We do not consider the district court's dismissal of the County of Maricopa, the Phoenix Police Department, or Jasquin Gibson because these issues were not specifically and distinctly raised and argued in the opening brief. *See Indep.*

3                                                    23-15925

*Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief" (citation and internal quotation marks omitted)).

We reject as without merit Bradley's contentions that he has a right to an Article III judge in state court, that defendants were required to submit evidence in support of their motions to dismiss, or that he was entitled to a *nihil dicit* judgment.

**AFFIRMED.**

23-15925